**FORD et al. v. BREWER et al.**

**No. 5788.**

Court of Appeal of Louisiana.
Second Circuit.

Feb. 6, 1939.

Gist & Thornton, of Alexandria, for appellants.

Hawthorn, Stafford & Pitts, of Alexandria, for appellees.

HAMITER, Judge.

Walter Ford, the four year old son of plaintiffs, was fatally injured when he came in contact with a moving one-half ton Ford truck owned and driven by defendant, S. Hull Brewer. The lamentable accident occurred near the intersection of Church and Shackelford streets in the town of Cheneyville, Louisiana, at approximately 10:45 o'clock of the morning of November 2, 1937.

The mother and father charge said driver with gross negligence in the operation of his vehicle and seek, in this suit, damages from him and his admitted liability insurer, United States Fidelity & Guaranty Company. Their claim is "for the loss of the love and affection, companionship and filial offices of their deceased son, and for the pain and suffering endured by him prior to his death." The father asks additional judgment for medical and funeral expenses incurred.

Defendants admit that the child was injured and died as a result of his collision with the truck. They deny, however, that the driver was negligent and assert that the accident was unavoidable and in no manner due to any act or omission on the part of Mr. Brewer. In the alternative, they aver that the parents were negligent in permitting the child to travel the streets of Cheneyville unattended and that such negligence "was the proximate cause of the accidental death of said child, contributed to said

accident, and bars plaintiffs' recovery herein."

After trial a solidary judgment was rendered in favor of the father and mother and against the defendants for $5,000. In addition thereto the father was granted a solidary judgment against said defendants for $165.95, covering medical and funeral expenses.

Defendants appealed. An answer has been filed by plaintiffs in which they ask an amendment of the judgment to provide an increase of $2,500 in the award.

The locus of the accident is in the residential section of Cheneyville. Church street, on which the truck was proceeding, is straight, runs north and south, and has a graveled surface 27 feet in width. Adjoining the street on each side and running parallel thereto is a grass covered ditch. Concrete sidewalks also parallel the street but they are separated therefrom by means of the mentioned ditches. Shackelford street intersects Church street at right angles and runs east and west. It is parallel to and two blocks north of the Jefferson highway. Along its north side is a concrete sidewalk which extends to the gravel of Church street. This walk is in the nature of a culvert-supported slab where it crosses the ditch on the east side of Church street. Located in that ditch and south of the slab is a sizable sycamore tree. Its center is six feet, ten inches east of the slab's Church street edge. Grass and weeds grew at the time on the northeast corner of the intersection and along the eastern edge of Church street in the block south of Shackelford.

On the morning of the accident the Ford child attended a kindergarten located two blocks east of the intersection in question. While journeying from that institution to his home, situated west of such locus, he was accompanied by Earl Sandefur, Junior, another child of similar age. The children walked leisurely together along the north sidewalk of Shackelford street. They reached Church street and the Sandefur boy proceeded across unaccompanied by decedent. The truck of defendant Brewer was then approaching. It had turned from the Jefferson highway, two blocks away, and was traveling in a northerly direction. After crossing the Shackelford street intersection proper, it came in contact with the Ford child while he was off but very near the western edge of the aforementioned concrete slab. He was picked up in an unconscious condition at a point along the junction of Church street with the east ditch, approximately three feet north of said slab.

Plaintiffs' theory of the accident, as disclosed by their counsel's brief, is:

"* * * as Mr. Brewer was driving rather rapidly along Church street, just before he arrived at the intersection, and at a time when he was not paying a great deal of attention to what he was doing, he saw the little Sandefur boy walk or run across the street in front of his truck. Quite naturally, he tried to avoid the little boy, and in his efforts to do so, he swerved his truck far to the right edge of the street, striking the little Walter Ford as he stood there by the end of the sidewalk.

"It is plaintiffs' idea that Mr. Brewer, when he saw Earl Sandefur, became so busy trying to dodge him, and was so engrossed in his efforts to do so, that he never at any time saw the little boy on the right side of the street, actually striking and killing him almost without knowing it."

The theory of defendants is well set forth in Brewer's answer. The pertinent allegations thereof are summarized in his counsel's brief as follows:

"Defendant further avers that he was traveling north on Church street near the extreme right side of the gravel portion thereof; that he was traveling at a speed of approximately twenty miles per hour in a careful and prudent manner, keeping a proper lookout, and with his car under perfect control; that after he had crossed the narrow intersection of Shackelford street and his car had reached a point opposite the extension of the sidewalk on the north side of Shackelford street, he felt or heard something thud or strike against the side of his car while he was moving at a point opposite a concrete slab projection across the ditch to the sidewalk on the north side of Shackelford street; that he continued a short distance when he decided to stop and pull to the side of the road and returned to the corner to see what had caused the apparent thud against his car; that on returning to the corner he found the small injured child lying in the grass about a foot from the ditch and near the concrete slab which projects across the ditch from the sidewalk to Church street; that on approaching the intersection he observed a small child standing on the sidewalk on the west side of Church street, and observed no child either on the sidewalk or in

the street near the intersection on the south side of Church street.

"Defendant further avers that the grass and weeds along the south side of Church street, and at the northeast corner of said intersection, had grown along the shoulder of the road and in the ditch adjoining it, to a height of from three to five feet, and that there was high grass and weeds along the south side of Church street, south of Shackelford street, all of which obscured the view of the concrete slab extending from the north sidewalk of Shackelford street from the ditch into or near the paved portion of Church street.

"He further avers that said child suddenly ran or stepped from behind the grass into the side of his car while it was passing at a point opposite the concrete slab, and that said child was either hidden behind the tree growing in the ditch, or by the grass and weeds growing south of the said concrete slab."

Four citizens of Cheneyville testified during the trial that explanations of the accident were made to them on several occasions by Mr. Brewer. One of these was the mayor of the town. All explanations were given within ten days after the occurrence. These were identical in substance, and to the effect that while he, Brewer, was proceeding along Church street he saw the Sandefur child running across in front of him; that he swerved his truck to the right in an effort to dodge or miss the runner; and that in making such maneuver he struck plaintiffs' offspring, whom he had never observed.

The correctness of the described declarations is disputed by defendants, and the evidence which they offered, relative to the cause of the injury and death, supports their above mentioned and detailed theory. However, we are forced to conclude, from a preponderance of evidence standpoint, that the attributed explanations and declarations against interest were given and their substance was as above related.

It is also our conviction that the truck was being operated at a speed much in excess of the maximum of 25 miles per hour permitted by a regulatory ordinance of the town of Cheneyville. After striking the child it proceeded a distance of approximately 168.5 feet, and came to a stop after its front wheels had angled towards and across the shallow ditch on the east side of Church street. Continuous skid marks on the graveled surface, resulting from the application of the truck's brakes, were traced from near the center of the road to the stopped vehicle. A measurement obtained by stepping disclosed a distance of 108 feet from the point where the skidding began to the front of the truck. The extraordinary length of these traced skid marks compels the conclusion that the speed employed by the truck was greatly excessive and clearly illegal; and the driver's violation of the municipality's speed regulations constituted negligence.

We are also of the belief that Mr. Brewer was negligent in failing to keep a proper lookout. According to our appreciation of all of the evidence in the record, the child was standing just off the western edge of the concrete slab awaiting the passing of the oncoming truck. The record is convincing that he did not rush from behind the sycamore tree. He was, apparently, in a place of safety. It is true, as defendants point out, that weeds and grass bordered the edge of Church street on its east side and at the locus of the accident; but these, as is disclosed by the photographs offered by such litigants, were not sufficiently high and dense to have prevented the driver's seeing the child when some distance away if he had been duly observant. A duty of a motorist is to be on the lookout for pedestrians standing at such sidewalk extensions, and this duty was stronger in Mr. Brewer's case because of an impairment of sight with which he was afflicted.

In our opinion the negligence of the driver in the respects discussed constituted the sole and proximate cause of the deplorable occurrence. We are satisfied that if his machine had not been driven at an excessive rate of speed and he had properly observed the road, particularly that part where it intersected with Shackelford street, the striking of the child could and would have been avoided.

The alternative plea charging contributory negligence to the parents for permitting the child to journey to and from the kindergarten unattended by older persons is, we think, untenable. If the permission complained of had any causal connection whatever with the accident it was exceedingly remote and did not contribute proximately thereto. Rice v. Crescent City R. Co., 51 La.Ann. 108, 24 So. 791.

The injured boy was rendered unconscious by the blow. He was rushed to a hospital where he died one hour and forty-

five minutes after being struck and without regaining consciousness. The amount of damages awarded to the parents by the trial court appears to be supported by the jurisprudence of this state, and such award will not be disturbed.

The judgment is affirmed.