152 So.2d 112 (1963)
Clara VALLIER, Plaintiff-Appellant,
v.
AETNA FINANCE COMPANY et al., Defendants-Appellees.
No. 805.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1963.
Rehearing Denied May 1, 1963.
Simon & Trice, by J. Minos Simon, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by Richard C. Meaux, Lafayette, Darrell DesOrmeaux, Sr., Lafayette, for defendants-appellees.
Before TATE, SAVOY, and CULPEPPER, JJ.
TATE, Judge.
This is a suit to recover for personal injuries. The plaintiff alleges that one Blakely, an employee of a finance company, came to her home to collect ten dollars due to his employer and, in the course of his conversation with the plaintiff, became progressively more violent and finally struck and kicked her and committed certain other acts.
The trial court sustained a motion for summary judgment filed by Blakely's employer (Aetna) and the employer's liability insurer (Fidelity), who had been joined as codefendants along with Blakely. Aetna and Fidelity contend that they are not liable for any tortious acts against the plaintiff committed by Blakely because *113 Blakely was not acting in the course and scope of his employment when he committed them. The summary judgement dismissing the suit against these two defendants was rendered on the basis of depositions and an affidavit.
Primarily, the plaintiff-appellant contends that the remedy of summary judgment was improperly allowed to the appellees, since the pleadings and exhibits show that there is a genuine issue of material fact which must be resolved before the liability question may be determined.
The summary judgment procedure is an innovation in our practice created by the 1960 LSA-Code of Civil Procedure, Articles 966 et seq. Subsequent to our learned trial brother's granting a summary judgment herein, several decisions have greatly clarified and limited the availability of this remedy. See especially Kay v. Carter, La., 150 So.2d 27 (Docket No. 46,341, decided February 18, 1963); also: Ellis v. Johnson Lumber Co., Inc., La.App. 3 Cir., 150 So.2d 838; McDonald v. Grande Corporation, La.App. 3 Cir., 148 So.2d 441; and Touchet v. Fireman's Insurance Company, La.App. 3 Cir., 146 So.2d 441.
Basically, these cases hold that the summary judgment remedy, which deprives a litigant of trial on the merits, is not a substitute for such trial and may not be resorted to whenever there is a genuine issue of material fact which must be resolved; that, in passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but it is rather only to determine whether or not there is a genuine issue of material fact; and that the burden to show there is not a material factual issue is upon the mover for summary judgment, with all doubts to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts.
In urging that the trial court properly rendered summary judgment dismissing the plaintiff's claims against the defendant employer and its insurer, the defendants primarily rely upon certain testimony in the plaintiff's deposition to the effect that Blakely really came to her home for sexual purposes rather than to collect a dishonored check for ten dollars which the plaintiff had previously made out to Blakely's employer. Thus, it is argued, Aetna is not liable for the torts allegedly committed by its employee upon the plaintiff, because at the time its employee was not acting within the scope of his employment and in the performance of his duties for his employer. See, e. g., Golman v. Fidelity & Cas. Ins. Co., La.App. 3 Cir., 146 So.2d 461.
This argument overlooks, however, that the deposition of Blakely, the appellee Aetna's employee, indicates that he came to the plaintiff's home solely to collect monies for his employer and that he and the plaintiff then entered into a physical scuffle after she had seized the bad check from his hands and he grabbed it back. Although he denied ever pursuing the plaintiff completely through the door into her house, in her deposition the plaintiff testified that, after a verbal argument, Blakely pursued her into her bedroom after she had closed the door upon him, grabbing her neck and hitting her.
Counsel for the defendants-appellees argues that, even if so, the defendants are still not liable, either because Blakely's acts were outside the scope of his employment, or else because the plaintiff cannot recover for injuries primarily resulting from her own aggression.
We think this argument overlooks the recent clarifying jurisprudence setting forth the heavy burden of the mover for summary judgment to prove that there is no genuine issue of fact. It is not enough to suggest that it is unlikely that the plaintiff may recover due to inconsistencies, etc., in her testimony, or that the preponderance of the evidence and exhibits considered on the trial of the motion may indicate that there is no liability.
*114 From our recitation of the facts contained in the depositions and the affidavit so far tendered, we think it is evident that there are genuine issues of fact relating to the purpose for which Blakely came to the plaintiff's home, how the altercation started, etc., all of which are material to the issue of whether or not the alleged assault and battery committed by Blakely was or was not committed in the scope of his employment while attempting to collect the ten dollars or to recover the employer's check seized by the plaintiff, so as possibly to render Blakely's employer (Aetna) liable for the damages caused thereby. See, e. g., Wisemore v. First Nat. Life Ins. Co., 190 La. 1011, 183 So. 247; Matthews v. Otis Mfg. Co., 142 La. 88, 76 So. 249; Bearman v. Southern Bell T. & T. Co., 17 La.App. 89, 134 So. 787; 57 C.J.S. Master and Servant §§ 572, 573, 575f; 35 Am.Jur. "Master and Servant", Sections 556-562, 573; Annotation, Civil action for assault upon female person, 6 A.L.R. 985 at 1007, Section II (i). Likewise, if the alleged assault and battery were indeed committed in the scope of Blakely's employment with Aetna, then the co-appellee Fidelity (Aetna's liability insurer) may also be liable under its insuring policy. Cf., Barringer v. Employers Mut. Liability Ins. Co., La.App. 2 Cir., 62 So.2d 173.
The appellees, Aetna and Fidelity, were therefore not entitled to summary judgment dismissing the plaintiff's suit against them.
Having reached this conclusion, it is unnecessary to discuss several other contentions urged.[1]
For the reasons assigned, the summary judgment appealed from is reversed and set aside, the motion for summary judgment is overruled, and the case is remanded to the district court for further proceedings not inconsistent with the views herein expressed. All costs in connection with the motion for summary judgment, as well as the costs of this appeal, are assessed against the defendants-appellees. Assessment of other costs shall await final determination of this suit.
Reversed and remanded.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] In addition to appealing from the summary judgment, the plaintiff also appealed from an order of the trial court ordering her to produce certain documents. The plaintiff concedes, however, that under the circumstances shown the order in question was a non-appealable interlocutory judgment, LSA-C.C.P. Article 2083, and she thus apparently abandons her appeal as to it.