SAVOY, Judge.
This case is on appeal perfected by plaintiffs from a judgment by the district court granting defendant a summary judgment, dismissing their suit and rejecting their demands.
Plaintiffs, husband and wife, filed this suit against defendant resulting from a fall and subsequent injuries suffered by the wife. The husband sued for special damages he had incurred as a result of the accident, and the wife sued for physical injuries resulting from the accident.
Plaintiffs were the lessees of defendant, who owned the premises on which the accident occurred.
After the filing of this suit in the district court, defendant took the testimony of plaintiffs by deposition. Subsequent to the taking and transcribing of the depositions, defendant filed a motion for a summary judgment on the following grounds, to-wit:
A. At the time of the alleged accident and for some time prior to the alleged accident Murriel Richie knew that the porch and steps in question were in a rotten and decayed condition and that there was a hole therein;
B. The condition of this porch and these steps was apparently and imminently dangerous;
C. Murriel Richie knew, or should have known, that the porch and steps could not be used with safety.
After a hearing on the motion, the district judge sustained it and dismissed plaintiffs’ suit.
Counsel for plaintiffs contends (1) that a summary judgment should not be granted unless there is no genuine issue as to material fact; and (2) that in the instant case plaintiff, Mrs. Murriel Richie, did not know that the top step was in such a condition that it would not support her when she walked upon the step; whereas defendant contends that she did know of the condition of the top step; and, that because of the controversy as to the above facts, there exists a genuine issue of fact between the parties and the trial judge erred in sustaining the motion.
The depositions in evidence indicate that, although Mrs. Richie knew the porch top was somewhat rotted prior to the accident, as well as the bottom steps, the top step upon which Mrs. Richie stepped, and which gave way with her weight, was apparently sound. That is, arguably Mrs. Richie was using due care by skirting the rotted places of which she knew, when she stepped upon the apparently sound step which gave way despite its apparent soundness. Whether Mrs. Richie’s stepping on the apparently *373 sound top step amounted to contributory negligence depends upon an evaluation of her conduct in the context of all the surrounding facts, including more complete evidence as to the apparent danger or non-danger in the use of the top step.
In the recent case of Vallier v. Aetna Finance Company, (La.App., 3 Cir., 1963), 152 So.2d 112, this Court reviewed the history and cases dealing with the summary judgment. This Court, with Judge Tate as the organ of the Court, made the following observations, to-wit:
"The summary judgment procedure is an innovation in our practice created by the 1960 LSA-Code of Civil Procedure, Articles 966 et seq. Subsequent to our learned trial brother’s granting a summary judgment herein, several decisions have greatly clarified and limited the availability of this remedy. See especially Kay v. Carter, [243] La. [1095], 150 So.2d 27 (Docket No. 46,-341, decided February 18, 1963); also : Ellis v. Johnson Lumber Co., Inc., La.App., 3 Cir., 150 So.2d 838; McDonald v. Grande Corporation, La. App., 3 Cir., 148 So.2d 441; and Touchet v. Fireman’s Insurance Company, La.App. 3 Cir., 146 So.2d 441.
“Basically, these cases hold that the summary judgment remedy, which deprives a litigant of trial on the merits, is not a substitute for such trial and may not be resorted to whenever there is a genuine issue of material fact which must be resolved; that, in passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but it is rather only to determine whether or not there is a genuine issue of material fact; and that the burden to show there is not a material factual issue is upon the mover for summary judgment, with all doubts to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts.”
In view of the above cases, this Court is of the opinion that there is a bona fide dispute between the parties as to the facts in the instant case, and that a summary judgment should not have been granted herein.
For the reasons assigned, the judgment of the district court is reversed and set aside, and the case is remanded to the district court for further proceedings consistent with the views expressed herein. Costs of court to await the final determination of the case on the merits.
Reversed and remanded.
On Application for Rehearing.
En Banc. Rehearing denied.