179 So.2d 460 (1965)
Daphine McNeal AYMOND, Individually and Tutrix for Irving Carrol Aymond and Sandra Neal Aymond, Plaintiff and Appellant,
v.
MISSOURI PACIFIC RAILROAD COMPANY, Defendant and Appellee.
No. 1495.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1965.
*461 Gravel, Sheffield & D'Angelo, by James S. Gravel, Alexandria, for plaintiff-appellant.
Stewart & Bond, by John R. Stewart, Lake Charles, for defendant-appellee.
Before FRUGE, CULPEPPER and HOOD, JJ.
HOOD, Judge.
This is an action for damages for the death of plaintiff's husband who was killed when a truck which he was driving collided with a train being operated by defendant. The defendant filed an answer, specially alleging contributory negligence on the part of the decedent, and it also filed a motion for summary judgment. After a hearing on the motion, the trial judge rendered a summary judgment dismissing the suit, and plaintiff has appealed.
The sole issue presented is whether the trial judge erred in finding that there is no genuine issue of a material fact, entitling defendant to a summary judgment.
At the outset, we note that the summary judgment remedy is not a substitute for a trial and may not be resorted to when there is a genuine issue of material fact which must be resolved. In passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but rather it is to determine whether there is a genuine issue of material fact. The burden of showing that there is not a material factual issue is upon the mover for summary judgment, with all doubts to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Vallier v. Aetna Finance Company et al., La.App. 3 Cir., 152 So.2d 112; Kay v. Carter et al., 243 La. 1095, 150 So.2d 27; Ellis v. Johnson Lumber Company, Inc., La.App. 3 Cir., 150 So.2d 838; and McDonald v. The Grande Corporation et al., La.App. 3 Cir., 148 So.2d 441.
At the hearing held on the motion for summary judgment the defendant introduced in evidence a deposition of the plaintiff, taken shortly before the hearing, and the affidavits of two employees or agents of defendant railroad. Plaintiff introduced no evidence at all, and she has not contested or disputed any of the facts stated in the deposition or the affidavits.
The facts, as alleged in plaintiff's petition and as established by the receivable evidence which was presented at the hearing, are that the decedent was killed instantly when the truck which he was driving ran into a stationary boxcar at the intersection of U. S. Highway 165 and the main line of defendant's railroad, at Kinder, Louisiana. The accident occurred about 3:00 a. m. on October 31, 1957, at which time it was dark and *462 there was a heavy fog which limited visibility to about 120 feet.
The highway at that point runs north and south and the railroad runs east and west. The decedent was driving his truck in a southerly direction on the highway, approaching the crossing from the north, immediately before the accident occurred. The defendant's freight train had just gone through the crossing, travelling in an easterly direction, and it had come to a stop for the purpose of making a switch, with the engine being about 150 feet east of the highway. The boxcar which was involved in the accident was the fourth car of the train, and it came to a stop straddling the highway, the forward and rear wheels of said car being approximately two or three feet east and west, respectively, of the paved portion of the highway. The truck was loaded with cattle, and the boxcar was loaded with merchandise. While the boxcar was in that position the truck collided with it, the front of the truck striking the north side of the railroad car. The impact was of sufficient force to cause the driver of the truck and some of the cattle to be killed almost instantly, and to cause the boxcar to be derailed and to be knocked off its trucks on the west end of the car.
The area south of the track was well lighted, but there were no lights of any consequence on the north side of it. There was a small incline in the highway as a motorist approaches the crossing from the north, and because of the height of the boxcar the lighting located on the south side of the main track was not visible to southbound motorists, except the light which appeared along the paved highway beneath the boxcar.
Speed limit signs were posted about 300 yards north of the crossing, warning motorists on the highway that the speed limit was 25 miles per hour for cars and 15 miles per hour for trucks. Also, the defendant railroad maintained a standard automatic crossing flasher signal immediately north of the crossing, which signal warned southbound motorists on the highway of the fact that a train was on or was approaching the crossing. This signal consisted of flashing red lights and a ringing bell on a pole, with a "cross-buck" railroad crossing sign on top, and it was operating at and immediately prior to the time the accident occurred.
Plaintiff testified that the decedent was thoroughly familiar with this crossing, having driven his truck over or through it about twice a week for a period of five or six months immediately prior to the time of the accident.
The above facts have been either alleged by the plaintiff or have been established by the evidence which was produced at the hearing. Since the plaintiff has not disputed or questioned any of these facts, and has made no effort to show that a genuine issue exists as to any such facts, we conclude that there is no genuine issue as to any of the facts which have been stated. See Duplechain v. Houston Fire & Casualty Insurance Co. et al., La.App. 3 Cir., 155 So.2d 459.
The defendant contends that it is entitled to have the suit dismissed summarily because the allegations in the petition and the evidence show that the decedent was negligent in the operation of his truck, that his negligence was a proximate cause of the accident, and that plaintiff thus is barred from recovery by the decedent's contributory negligence. Among other grounds set out in the motion for summary judgment, the defendant alleges that:
"(c) Decedent failed to see or ignored the automatic flasher signals in operation at the time of the accident.
(d) Decedent was grossly exceeding a safe speed of travel in darkness and in a heavy fog at the time of the accident."
Plaintiff takes the position that there exists a genuine issue as to the following facts: (1) Whether the decedent was driving at an excessive rate of speed; or *463 (2) if he was driving at an excessive rate of speed, whether the speed was a proximate cause of the accident. She contends that these are material facts, that it is incumbent on defendant to show that the deceased was exceeding a reasonable speed and that such speed was a proximate cause of the accident, and that since there exists a genuine issue as to these facts the trial judge erred in rendering a summary judgment.
The trial judge did not hold that the decedent was driving at any particular speed. He did consider all of the facts above stated, including evidence as to the nature and extent of the injuries and of the damages which resulted from the collision, and he then concluded that the decedent "was negligent in the operation of his cattle truck, and that his negligence was a proximate cause of the accident." No determination was made by the trial judge as to whether the defendant was negligent, his basis for rendering the summary judgment apparently being that even if the defendant was negligent plaintiff nevertheless was barred from recovery by the decedent's contributory negligence.
The general rule is that a motorist is held to have seen an object which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and he is guilty of negligence in driving at a rate of speed greater than that in which he could stop within the range of his vision. When visibility is materially impaired because of such things as bright lights, smoke, rain or fog, a motorist is held to a duty of operating his vehicle with an unusually high degree of care. Under those circumstances, he should reduce his rate of speed to such an extent and keep his car under such control as to reduce to a minimum the possibility of accident from collision. See Lewis v. Quebedeaux et al., La.App. 3 Cir., 134 So.2d 93.
Exceptions to the above stated general rule have been made in a number of cases because of unusual and extraordinary circumstances which were found to be present. See Granger v. The Travelers Insurance Company, La.App. 3 Cir., 167 So.2d 211; and cases cited in Lewis v. Quebedeaux, supra. In the instant suit, however, the evidence does not show, and plaintiff does not argue, that any unusual or extraordinary circumstances existed. The general rule, therefore, must be applied.
The facts and issues presented in United States Fidelity & Guaranty Company v. McCullough, 5 Cir., 202 F.2d 269, are similar to those which are presented here. In holding that the motorist was negligent in colliding with a stationary train, the court in that case said:
"* * * a. motorist is charged with having seen an obstruction in the highway which, by the use of ordinary care and prudence, he should have seen in sufficient time to avoid hitting it. At night he must drive at a speed that will enable him to stop within the distance to which his headlights project. A train across the highway constitutes a most impressive notice to motorists that the highway is temporarily blocked, (citations omitted)
* * * * * *
Appellee's predicament was not of such emergent character as to excuse his failure to see the train, since his own testimony clearly reveals that he gradually entered the foggy condition prevailing along the highway, and was not suddenly or precipitously confronted with an unforeseeable danger; if he was not required to stop completely, he was bound to drive at a speed that would permit him to stop within the range of his vision. Hogue v. Akin Truck Line, La.App., 16 So.2d 366, 368. Appellee should have foreseen the probability of the peril that lay ahead of him. Shell Oil Company v. Slade, 5 Cir., 133 F.2d 518, 519; Hogue v. Akin Truck Line, supra. It is immaterial that appellee was driving at what would have been a moderate rate *464 of speed in ordinary circumstances; his failure to see the train in time to stop his automobile indicated that he was driving too fast or was not keeping a proper lookout; otherwise, he would have seen the obstruction in his path in ample time to stop.

After examining all of the evidence, and allowing appellee the benefit of every fair and reasonable inference that the evidence warrants, we are of the opinion that, as a matter of law, the sole proximate cause of the collision was appellee's lack of reasonable care and prudence. * * *" (Emphasis added.)
The undisputed evidence in the instant suit shows that the decedent was familiar with this crossing, that no unusual or extraordinary circumstances existed which made this crossing more dangerous than others, that the defendant maintained an automatic flasher signal north of the track which constituted adequate warning to motorists approaching from the north, that this flasher signal was operating at and prior to the time of the accident, that the decedent's visibility was greatly impaired by darkness and by a heavy fog, and that under these circumstances the decedent, while approaching from the north, caused his truck to collide with a stationary boxcar at the crossing. Under these facts, we think no other conclusion can be reached but that the decedent either failed to see or ignored the automatic flasher signal in operation at the time of the accident, or that he was driving at such an excessive rate of speed under the weather conditions which existed at that time that he was unable to bring his truck to a stop after he saw the signal or the boxcar.
In considering the issues presented here, we have given the plaintiff the benefit of every reasonable inference, keeping in mind the rule that all doubts must be resolved against granting a summary judgment. After considering all of the facts, however, we find, as did the trial judge, that the decedent was negligent either in failing to see or in ignoring the flasher signal or in driving at an excessive rate of speed under the circumstances, that his negligence was a proximate and contributing cause of the accident, and that plaintiff thus is barred from recovery by the decedent's contributory negligence. The judgment appealed from, therefore, is correct.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.