185 So.2d 857 (1966)
Clifton B. SMITH et ux., Plaintiffs-Appellants,
v.
PREFERRED RISK MUTUAL INSURANCE COMPANY and Zurich Insurance Company, Defendants-Appellees.
No. 1705.
Court of Appeal of Louisiana, Third Circuit.
April 27, 1966.
E. M. Nichols, Lake Charles, for plaintiffs-appellants.
McLure & Ford, by T. C. McLure, Jr., Alexandria, Hall, Raggio & Farrar, by Louis D. Bufkin, Lake Charles, for defendants-appellees.
Before TATE, SAVOY, and CULPEPPER, Judges.
TATE, Judge.
This is an appeal from summary judgment dismissing this tort suit. The action was brought by the parents of a seven-year-old boy who was killed while crossing a highway. *858 The child was struck by a pickup truck driven by Roger Mullin. (The defendants are the two insurers of the operation of this truck.)
The chief contention upon appeal is that the summary judgment was improperly granted because the litigation involves genuine issues of material fact which can be determined only upon a full trial upon the merits.

1.
The procedural issue of this appeal is set within the context of substantive law summarized as follows in Layfield v. Bourgeois, La.App. 3 Cir., 142 So.2d 799 at 801:
"[A] * * * a motorist who sees or should see children near the roadside, must exercise a high degree of care in view of the propensity of young children to dart or run into the street, heedless of their own safety. This rule implies that when a motorist sees or should see a child near the roadside, he must anticipate that the child might suddenly dart into the street. Consequently, the motorist must bring his vehicle under such control that he can avoid injuring the child, notwithstanding its youthful indiscretion. * * * [Citations omitted.]
"[B] * * * On the other hand, a motorist is not an insurer of the safety of children playing near the street. If the motorist is proceeding at a lawful and reasonable speed and obeying all of the rules of the road as to proper lookout, etc. he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the child. * * *" [Citations omitted.]
The plaintiffs, of course, rely upon proposition A, whereas the defendants rely upon proposition B, the defendants additionally alleging that the parents were contributorily negligent in permitting their seven-year-old son to leave the home in order to cross the heavily travelled highway. (The seven-year-old boy was himself incapable of contributory negligence, being under eight years of age. Jackson v. Jones, 224 La. 403, 69 So.2d 729.)

2.
The summary judgment is sought under the provisions of LSA-C.C.P. Art. 966, providing for a summary judgment to be rendered "* * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as matter of law."
In Kay v. Carter, 243 La. 1095, 150 So.2d 27, our Supreme Court held that one who moves for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of fact, with any doubt as to the existence of such an issue being resolved against the movant. The court also observed that "* * * summary judgments are to be cautiously granted. If there is to be error at the trial level it should be in denying summary judgment and in favor of a full live trial." 150 So.2d 30.

3.
In support of their motion for summary judgment, the defendants produced the following:
(a) The affidavit of Mullin, the insured driver, to the effect that he was traveling at a speed of 40-45 mph when the child ran out suddenly from behind a truck parked on the shoulder of the road, and that he did not see the child until it was about three or four feet from him, although the accident occurred after the child had crossed one-half the southbound lane of the highway. (In the motion for summary judgment, it is alleged by counsel that the child had crossed one-half the highway or "not more than nine feet of the eighteen-foot roadway".)
(b) The affidavit of a following driver, who stated that the child ran from in front of the log truck when Mullin was 15 to 20 feet away, that the accident happened very *859 suddenly, and that prior to it he had not seen any children in the vicinity.
(c) The discovery deposition of the child's parents (plaintiffs) to the effect that the highway was heavily travelled at times when Fort Polk personnel was going and coming from duty, including the mother's testimony to the effect that the boy got permission from her to go to sell seed as a school project to a neighbor across the highway, and that she permitted him to go to do so with the admonition to him to be "real careful".
(d) The plaintiffs produced the affidavit of an investigator who had interrogated the driver Mullin. The investigator stated that, although he had refused to give him a statement, Mullin had admitted that before the accident he was looking at the parked truck and the men working on it, which was probably the reason he did not see the child until he hit him; and that he hit the child with his left front headlight (although the child was crossing from the driver's right to his left). The investigator further deposed: "He [Mullin] stated further if he would have seen this child just a fraction of a second before the accident, he could have cut his wheels to the right, applied his brakes, or something to avoid the accident, but he just never saw the child". Tr. 73-74.

4.
Our trial brother erred in granting a summary judgment. There are undoubtedly genuine issues of material facts disclosed by the pleadings and not negatived by the affidavits and depositions relied upon by the plaintiffs:
A. The affidavits of the insured driver and the following driver state that the child came out suddenly from behind the parked truck and that they did not see any other children in the area before the accident. However, by themselves, the affidavits do not show (and possibly could not show without full interrogation as to surrounding circumstances) that the defendant driver could not reasonably have observed the child sooner than he did. The circumstance that the child was hit with the driver's left headlight after crossing to the middle of the highway likewise indicates a material issue of fact may be that the driver was further than he testified from the child when the latter first came into the roadway and thus had more opportunity to observe the child and avoid the accident than indicated by his own self-serving affidavit, not subject to cross-examination. Additionally, the affidavit of the investigator indicates that admissions of interest against the driver raises a genuine issue of material fact as to whether a more adequate lookout by the driver could reasonably have prevented the tragic accident.
B. Able counsel for the defendant most persuasively argued at the hearing that contributory negligence of the parents barring recovery was allegedly shown as a matter of law in that they permitted the seven-year-old boy to cross the highway unattended at a time when traffic upon it was heavy, citing Monge v. New Orleans Ry. & Light Co., 145 La. 435, 82 So. 397, Clair v. Gaudet, La.App. 4 Cir., 144 So.2d 638, and Wise v. Eubanks, La.App. 2 Cir., 159 So. 161. The parents in the cited cases were held contributorily negligent, under the circumstances involved in those cases, when they permitted children younger than the young boy here in question to expose themselves unreasonably to danger.
However, we cannot hold that as a matter of law a parent is always contributorily negligent in permitting a seven-year-old boy to cross a rural highway unattended. Here, the affidavits and depositions show that in general the highway was heavily travelled each day at the change of shifts at Fort Polk, but this circumstance by itself does not justify any holding that the mother was unreasonably careless to permit (after a caution to be careful) a bright seven-year-old boy in the second grade to leave the home with the intention of crossing a familiar highway to a neighbor's. Before such determination can be made, all of the surrounding factual circumstances be *860 taken into consideration, including the capacity of that particular injured child to appreciate and avoid the particular dangers to be encountered, the amount and density and general speed of the traffic, and other factors bearing upon the obviousness of the danger and the situation and condition of the parent giving permission, in this case a mother with two other small children in the home to take care of. Bergeron v. Houston-American Insurance Co., La.App. 1 Cir., 98 So.2d 723, certiorari denied; 67 C.J.S. Parent and Child § 46, p. 751. See, for instance, where similar pleas of parents' contributory negligence were rejected as to children younger than the boy here concerned: Burnaman v. La Prairie, La.App. 3 Cir., 140 So.2d 710, certiorari denied; Todd v. New Amsterdam Cas. Co., La.App.Orl., 52 So.2d 880; Davies v. Consolidated Underwriters, La.App. 2 Cir., 14 So.2d 494, certiorari denied; Ford v. Brewer, La.App. 2 Cir., 186 So. 905; Brown v. Wade, La.App. 2 Cir., 145 So. 790; and Embry v. Reserve Natural Gas Co., 2 Cir., 12 La.App. 97, 124 So. 572. See also Saxton v. Plum Orchards, 215 La. 378, 40 So. 2d 791.
C. Even assuming the parents may have been contributorily negligent, it is further possible, under the showing made, that the insured driver, Mullin, should have seen the child earlier and at a time when with adequate observation and control he could reasonably thereafter have avoided the accident. (See discussion in A above.) Thus Mullin may have had the last clear chance to avoid the accident. See Brooks v. State Farm Mutual Automobile Ins. Co., La.App. 2 Cir., 91 So.2d 403, certiorari denied Abate v. Hirdes, La.App.Orl., 9 La.App. 688, 121 So. 775, certiorari denied.

5.
We think our learned trial brother fell into error in accepting counsel's astutely urged suggestion that, accepting the affidavits as showing uncontradicted facts, it is improbable that the plaintiff parents can prove the driver Mullins was negligent.
However, to obtain a summary judgment it is not sufficient to prove that it is unlikely that the plaintiff may recover or that the preponderance of the showing then made indicates there is no liability; for the function of the court is not to determine the merits of the issues involved, but only whether or not there is a genuine and material factual issue. Vallier v. Aetna Finance Co., La.App. 3 Cir., 152 So.2d 112. As stated in Brown v. B. & G. Crane Service, Inc., La.App. 1 Cir., 172 So.2d 708, 710, "* * * A genuine issue is a triable issue and the interest of justice, at the risk of some delay and possible expense, is best served by resolving all doubt against the granting of the motion for summary judgment. It is not enough that the court has grave doubt that the party alleging a cause can sustain his contention to deny him his day in court."
In Kay v. Carter, 243 La. 1095, 150 So.2d 27, our Supreme Court observed that, since the summary judgment device is chiefly based upon the Federal Rules of Civil Procedure, Louisiana courts may properly consider the jurisprudence of the federal appellate courts pertaining to its proper application. The federal decisions show that summary judgment is only rarely feasible in negligence actions, where the standard of a reasonable man and issues of negligence and contributory negligence present issues which usually cannot be determined as a matter of law but only in the context of the total facts. 3 Barron and Holtzoff, Federal Practice and Procedure (1958 volume), Section 1232.1 "Negligence Actions".

Decree.
For the foregoing reasons, we reverse the judgment of the District Court sustaining the defendants' motion for summary judgment. This case is remanded for further proceedings not inconsistent with the views above expressed. The defendants-appellees are taxed with all costs of this appeal; all other costs to await final determination of this action.
Remanded.