SAVOY, Judge.
This is an appeal from a summary judgment dismissing this tort action.
In his petition plaintiff alleged that at approximately 5:15 P.M. on August 13, 1963, he was driving his automobile in a southerly direction on La. Highway 113 at about forty miles per hour; that as he was approaching the crest of a hill in said highway the automobile of defendant, Leonard D. Spears, was parked in the south bound lane of said highway with the hood of the automobile in a raised position; that at the point of impact the highway is straight, but at the crest of a rather steep hill. He further alleged that the position of the sun at the time of the accident was such that it was shining in his face; that when he was confronted by defendant’s car obstructing the highway, he applied his brakes and swerved the car to the left in an attempt to miss striking defendant’s car. The maneuver was unsuccessful, and plaintiff’s right fender struck defendant’s left rear fender. Plaintiff also alleged certain physical injuries and general and special damages resulting from the accident.
Defendant Spears and his insurer, The Travelers Insurance Company, filed a general denial and an alternative plea of contributory negligence on the part of plaintiff.
The testimony of plaintiff Greene and defendant Spears was taken by depositions.
Greene testified that he saw the Spears car when he was about fifty yards from it, but did not realize it was stopped until he was about forty feet from it. He stated that he swerved slightly in the direction of the sun which was shining brightly and which blinded him momentarily.
After the depositions of plaintiff and defendant Spears were taken, counsel for defendants moved for a summary judgment which was granted by the district judge.
In the case of Smith v. Preferred Risk Mutual Insurance Company, (La.App., 3 Cir., 1966), 185 So.2d 857, this Court reversed a trial court judgment which had granted a summary judgment in a tort action.
In the Smith case, supra, we observed that summary judgments are to be cautiously granted, citing Kay v. Carter, 243 La. 1095, 150 So.2d 27, the landmark case on the subject.
We also stated in the Smith case, supra:
“However, to obtain a summary judgment it is not sufficient to prove that it is unlikely that the plaintiff may recover or that the preponderance of the showing then made indicates there is no liability; for the function of the court is not to determine the merits of the issues involved, but only whether or not there is a genuine and material factual issue. Vallier v. Aetna Finance Co., La.App. 3 Cir., 152 So.2d 112. As stated in Brown v. B. & G. Crane Service, Inc., La.App. 4 Cir., 172 So.2d 708, 710, ‘* * * A genuine issue is a triable issue and the interest of justice, at the risk of some delay and possible expense, is best served by resolving all doubt against the granting of the motion for summary judgment. It is not enough that the court has grave doubt that the party alleging a cause can sustain his contention to deny him his day in court.’ ”
After reviewing the showing, we are of the opinion that there are certain genuine issues of fact as contemplated by the provisions of LSA-C.C.P. Article 966, namely whether plaintiff was confronted with a sudden emergency and whether the obstruction of the highway for the period testified to by defendant Spears constituted *739 a cause in fact of the accident as set forth in Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298.
For the reasons assigned the judgment of the district court is reversed, and the case is remanded to the district court for further proceedings. Costs of this appeal are to be paid by defendants.
Reversed and remanded.