231 So.2d 640 (1970)
Russell W. CHISHOLM, Sr., as Natural Tutor and Administrator of the Estate of his minor son, Russell W. Chisholm, Jr.
v.
Douglas STEVENS, Adriene Stevens and Aetna Insurance Company.
No. 3696.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 1970.
Rehearing Denied March 9, 1970.
Writ Refused April 20, 1970.
*641 Kierr & Gainsburgh, Robert G. Hebert, New Orleans, for plaintiff-appellant.
Bienvenu & Culver, P. A. Bienvenu, New Orleans, for defendants-appellees.
Before SAMUEL, Le SUEUR and DOMENGEAUX, JJ.
LeSUEUR, Judge.
Plaintiff has appealed from a judgment granting defendants' motion for summary judgment and dismissing plaintiff's actions against defendants.
On June 10, 1964, plaintiff's son, Russell W. Chisholm, Jr., riding as a passenger on a Honda motorcycle operated by his 12year old neighbor, Robert Dale Clark, fell or was dislodged from his passenger seat and struck a 1962 Mercury station wagon parked on the roadway. The accident occurred on Stumpf Boulevard, a 4-lane thoroughfare, in Jefferson Parish, that runs in a generally east-west direction. From the deposition of young Clark we know that he and young Chisholm had gone to a service station to fill a plastic jug with gasoline and were on their return trip. Plaintiff's son was holding on to Clark with one hand and on to the plastic jug with the other. They were proceeding in a westerly direction in the inner lane of traffic within the posted speed limit of 20 miles per hour. Preceding them in that lane was a dump truck and dust or dirt from that truck was getting into Clark's eyes. He looked to his rear for traffic in the outer lane to his right and them cut over into that lane in an effort to escape the dirt blowing off the dump truck. Upon doing so, his passenger yelled for him to look out for the car parked approximately 75 feet ahead of him in his lane. He stated that he applied his brakes but lost control of his vehicle, managing to somehow get between the parked car and the truck in the lane to his left. During this time plaintiff's son became separated from the motorcycle and struck defendants' car, causing extensive brain stem damage, the medical prognosis being that he will not walk or talk again.
The operator of the parked vehicle, Mrs. Adrienne Stevens, stated in deposition that she ran out of gas and, after pulling over against the curb, left to secure gasoline for her car. Upon returning, she discovered that the accident had occurred.
*642 Plaintiff brought suit on behalf of his minor son against Douglas Stevens as owner of the parked station wagon, Adrienne Stevens as operator, and their liability insurer, Aetna Insurance Company, for the personal injuries received by his minor son, and on his own behalf for the medical expenses incurred as a result of the accident. By amended petition, plaintiff made American Honda, vendor and distributor of the motorcycle, a party defendant. American Honda was subsequently dismissed by plaintiff before the judgment appealed from and is not a party to this appeal.
Both plaintiff and defendants applied for summary judgment in their favor. Defendants moved for a summary judgment in their favor because, besed on the pleadings, depositions and affidavits filed in the matter, there remains no genuine issue as to material fact. Plaintiff requested a partial summary judgment on the grounds that Mrs. Stevens' conduct in leaving the vehicle on the roadway constituted negligence per se.
The trial judge in granting defendants' motion for summary judgment gave the following written reasons:
"On the hearing of the motion for summary judgment, counsel for plaintiffs made the statement that all of the facts were before the Court and that only a question of law for decision by the Court was presented by the motion and its exhibits.
"After reviewing all of the exhibits, including the depositions, photographs and other material as well as the applicable law, the Court has reached the conclusion that the parking of the Stevens' automobile on Stumpf Boulevard during the noon hour on June 10, 1964, was not a proximate cause of the accident which caused the injury to young Chisholm. Accordingly, there can be no recovery herein by plaintiffs against Mr. and Mrs. Stevens and their liability insurer, Aetna Insurance Co., and the motion for summary judgment should be granted."
The requirements for a motion for summary judgment are contained in LSA-C.C.P. Art. 966, which states:
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made by any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. (As amended Acts 1966, No. 36, § 1.)"
The main prerequisite for the granting of a summary judgment is the presentation of sufficient evidence by the mover to show that there exists no genuine issue of material fact, because summary judgment is not a device to avoid a trial on the merits. In Aymond v. Missouri Pacific Railroad Company, 179 So.2d 460 (La.App.3rd Cir. 1965), the court stated:
"* * * the summary judgment remedy is not a substitute for a trial and may not be resorted to when there is a genuine issue of material fact which must be resolved. In passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but rather it is to determine whether there is a genuine issue of material fact. The burden of showing that there is not a material factual issue is upon the movor for summary judgment, with all doubts to be resolved against the granting of a summary judgment *643 and in favor of a trial on the merits to resolve disputed facts. Vallier v. Aetna Finance Company et al., La.App. 3 Cir., 152 So.2d 112; Kay v. Carter et al., 243 La. 1095, 150 So.2d 27; Ellis v. Johnson Lumber Company, Inc., La.App. 3 Cir., 150 So.2d 838; and McDonald v. The Grande Corporation et al., La.App. 3 Cir., 148 So.2d 441."
See also Joiner v. Lenee, 213 So.2d 136 (La.App.3rd Cir.1968); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Roy & Roy v. Riddle, 187 So.2d 492 (La.App.3rd Cir.1966); Henderson v. Falgout, 188 So. 2d 208 (La.App.1st Cir.1966); Dupre v. Rochester Ropes, Inc., 216 So.2d 589 (La. App.3rd Cir.1968); and Greene v. Travelers Insurance Company, 212 So.2d 737 (La.App.3rd Cir.1968).
Nor is a summary judgment to be rendered in a matter because the plaintiff does not have a likely cause for recovery. This matter was thoroughly discussed by Judge Tate in Smith v. Preferred Risk Mutual Insurance Company, 185 So.2d 857 (La.App.3rd Cir.1966), at page 860:
"However, to obtain a summary judgment it is not sufficient to prove that it is unlikely that the plaintiff may recover or that the preponderance of the showing then made indicates there is no liability; for the function of the court is not to determine the merits of the issues involved, but only whether or not there is a genuine and material factual issue. Vallier v. Aetna Finance Co., La.App. 3 Cir., 152 So.2d 112. As stated in Brown v. B. & G. Crane Service, Inc., La.App. 4 Cir., 172 So.2d 708, 710, `* * * A genuine issue is a triable issue and the interest of justice, at the risk of some delay and possible expense, is best served by resolving all doubt against the granting of the motion for summary judgment. it is not enough that the court has grave doubt that the party alleging a cause can sustain his contention to deny him his day in court.'
"In Kay v. Carter, 243 La. 1095, 150 So. 2d 27, our Supreme Court observed that, since the summary judgment device is chiefly based upon the Federal Rules of Civil Procedure, Louisiana courts may properly consider the jurisprudence of the federal appellate courts pertaining to its proper application. The federal decisions show that summary judgment is only rarely feasible in negligence actions, where the standard of a reasonable man and issues of negligence and contributory negligence present issues which usually cannot be determined as a matter of law but only in the context of the total facts. 3 Barron and Holtzoff, Federal Practice and Procedure (1958 volume), Section 1232.1 `Negligence Actions'."
Although the attorney for plaintiff is quoted in the reasons for judgment as stating that "all of the facts were before the Court and that only a question of law for decision by the Court was presented by the motion and its exhibits", there are factual differences presented on appeal and, although plaintiff may ultimately lose in the prosecution of his action, he is entitled to his "day in court". Where the facts, although not disputed, support different conclusions which are not resolved, summary judgment is not a proper disposition of an action.
Plaintiff bases his case on the precept that Mrs. Stevens by leaving her car on the roadway unattended was guilty of negligence which was the proximate cause of the accident, stating "* * * that had respondents' station wagon not been left where it was, the north lane would have been clear, Robert Clark would have had no need to apply his brakes and this most distressing accident never would have occurred."
The facts concerning Mrs. Stevens parking of her vehicle on Stumpf Boulevard are in dispute. Plaintiff asserts that she could have pulled for the roadway onto the shoulder and she denied this. No finding concerning the condition of the shoulder at *644 the time of the accident is available, leaving a fact material to Mrs. Stevens' action of parking her car at issue in this case. Nor was evidence, other than Mrs. Stevens' testimony, introduced to subsantiate that she had run out of gas, which would affect her defense of emergency.
We find that there are material issues of fact which are disputed and, therefore, summary judgment is not a proper disposition of this action. Any doubts as to the existence of a material factual issue are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. See Aymond case and following cases, supra.
For the foregoing reasons, we reverse the judgment of the District Court sustaining the defendants' motion for summary judgment. This case is remanded for further proceedings not inconsistent with the views above expressed. The defendantsappellees are taxed with all costs of this appeal; all other costs to await final determination of this action.
Reversed and remanded.