340 So.2d 322 (1976)
Robert Lee PARKER
v.
SOUTH LOUISIANA CONTRACTORS, INC. et al.
No. 10991.
Court of Appeal of Louisiana, First Circuit.
June 21, 1976.
*323 Steven B. Witman, of Koerner & Babst, A Professional Law Corp., New Orleans, for plaintiff-appellant.
A. W. Eggleston, Inc. and Employers Ins. of Wausau, James E. Moore, of Franklin, Moore & Walsh, Baton Rouge, for defendants-appellees.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
This is a devolutive appeal from a judgment sustaining the motion of A. W. Eggleston, Inc., (Eggleston) one of the defendants, and its insurer, Employers Insurance of Wausau, for a summary judgment and dismissing the suit of Robert Lee Parker, plaintiff, as to the named parties, reserving to the plaintiff his right to proceed against the other defendants, said judgment having been signed on March 12, 1976. We reverse and remand.
On April 30, 1975, the plaintiff brought suit to recover for personal injuries allegedly sustained on August 5, 1974, as a result of a fall. On the date in question the plaintiff was employed by Atlas Truck Lines, Inc., as a truck driver to deliver a load of pipe casing to the oil drilling site operated by defendant Eggleston, with an intermediate point at the Butte-LaRose landing on the Atchafalaya River. Upon arrival at the landing, the plaintiff drove his loaded truck onto a barge allegedly owned and operated by Soloco Pipeline Contractors, Inc., one of the defendants. The barge was then pushed by a Soloco tug to a landing on the Atchafalaya River leased or owned by defendant, Martin Exploration Corporation, or by Eggleston. The barge arrived at the landing at 11:20 p. m. The landing was about ¼ mile by way of a plank road from the drilling rig operated by Eggleston. It was while the plaintiff was assisting in the unloading of the barge that he allegedly fell through an opening in the unlighted ramp which was being used for the egress of the Atlas truck, causing severe injuries to his right foot and the other injuries.
The plaintiff alleged that the landing was under the control of Eggleston as lessee (or owner), and that Eggleston negligently failed to provide a safe place for the plaintiff to work in that the landing was unlighted or poorly lighted, and was guilty of other acts of negligence in connection with the egress and the landing. The plaintiff also alleged negligence in the manner in which he was cared for following his initial injury.
The plaintiff directed interrogatories to Eggleston, which were answered in a way that Eggleston disclaimed any connection *324 with plaintiff's injury. There are two depositions of the plaintiff filed in the record, but they do not definitely connect defendant Eggleston with the accident or with the barge, tug or landing. In support of its motion for summary judgment, defendant Eggleston filed an affidavit of Burton Merritt, its Vice President, who deposed that it had no supervision or control over the barge or the tug, that it had no supervision or control "nor ownership nor interest in the construction or maintenance of the landing where this accident allegedly occurred", that it had no supervision or control over "the means of egress or ingress from the barge nor to any portion of the land where the barge was docked." Deponent then deposed that "A. W. Eggleston, Inc. merely held a drilling contract with Martin Exploration Corporation and deponent's company held no contract with any other party involved in the litigation;" and that defendant Eggleston did not "engage or attempt to engage the services of the tug and/or barge for the transportation."
Plaintiff contends that a genuine issue of material facts exists, and that the trial judge erred in rendering a summary judgment. A summary judgment may not be rendered when there is a genuine issue of a material fact which must be resolved; such remedy is not a substitute for a trial; LSA-C.C.P. art. 966; Batson Lumber Co., Inc. v. Yates, 319 So.2d 853 (La.App. 1st Cir. 1975). The burden of proof rests on the party seeking a summary judgment to show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law, with all doubts to be resolved against the granting of a summary judgment and in favor of a trial on the merits. Aymond v. Missouri Pacific Railroad Company, 179 So.2d 460 (La.App. 3 Cir. 1965).
The affidavit submitted by Eggleston attempts to negate any connection of it with the alleged accident to the plaintiff, but the affidavit does not address itself to all of the facts and issues that are involved in the lawsuit.
The two depositions of the plaintiff submitted in rebuttal to the motion for summary judgment clearly raised a serious dispute as to several material issues of fact.
Plaintiff's position is that A. W. Eggleston, Inc. is liable to him for a failure to provide a safe place to work, including safe egress from the barge, for failure to provide a landing free from vice or defect in its construction or maintenance, and for failure to provide prompt and proper medical attention to the plaintiff.
There are material issues of fact which are disputed and, consequently, summary judgment is not a proper disposition of this case. Any doubts as to the existence of a material factual issue are to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Chisholm v. Stevens, 231 So.2d 640 (La.App. 4 Cir. 1970), writ ref. 255 La. 910, 233 So.2d 561; Wilkinson v. Husser, 154 So.2d 490 (La.App. 1 Cir. 1963), writ ref. 245 La. 60, 156 So.2d 603.
We have reviewed the record and find that the facts concerning the manner of the unloading of the barge are in dispute; the facts concerning the lighting on the landing site are in dispute; the facts concerning the degree of involvement of defendant Eggleston in the unloading are disputed. There is also a disputed fact as to whether or not defendant Eggleston had already assumed supervision over the landing area and the drilling site. The plaintiff's statements in his deposition that defendant Eggleston's supervising employee, the tool pusher, failed to provide prompt and proper medical assistance is an issue that cannot be resolved at this stage of the proceedings. It is obvious to us that the case is not in a posture for summary judgment. This is a personal injury action involving possible multi-tortfeasors in which none, some, or all of the alleged tortfeasors might be responsible for the alleged injuries suffered by the plaintiff. It is the kind of case where all of the parties should remain before the court until its final disposition. The "ten little Indians" method of eliminating defendants *325 in a lawsuit is not an acceptable or desirable practice. The parties are entitled to their day in court with all of the parties present to present pertinent evidence at the proper time. The trial judge committed manifest error in sustaining the motion for summary judgment.
For the foregoing reasons, we reverse the judgment of the trial court sustaining defendant's motion for summary judgment and the case is remanded for further proceedings not inconsistent with the views herein expressed. The defendants-appellees are cast for all costs of this appeal; all other costs are to await final determination of this action.
REVERSED AND REMANDED.