MARVIN, Chief Judge.
In this action for for personal injury damages, Henry Dale Alexander and his minor children, whose vehicle was struck by a 1964 Chevrolet Malibu being driven by 16-year-old James Lee, Jr., appeal a summary judgment in favor of the Louisiana Insurance Guaranty Association (LIGA), dismissing their demands on findings that the liability insurer of Lee’s father, the now-insolvent New England International Surety of America, Inc., did not provide coverage on Lee’s Malibu.
We reverse and deny the motion for summary judgment.
Lee’s father, the named insured in New England’s policy, requested through a local insurance agency that the Malibu be added to the policy, about 12 days before the accident and one week after the Commissioner of Insurance ordered New England to cease and desist “writing any and all insurance business in the State of Louisiana.” Being thereafter placed in rehabilitation, New England formally refused to endorse any of its policies and did not add the Malibu as an insured vehicle. New England was apparently placed in liquidation some months after the accident.
Alexander brought the action against James Lee, Sr. and LIGA. Alexander and LIGA filed the motion for summary judgment jointly, after stipulating that Lee, Jr. was solely at fault for the accident, that Lee, Sr. would be dismissed from the ac *1026 tion, and that the amount of the Alexanders’ damages was $11,340. Other undisputed facts pertaining to the coverage issue, from which the litigants drew differing legal conclusions, were also presented by stipulation.
Certain facts material to the coverage issue are not part of the stipulation. The New England policy is not in the record. Finding that neither party is entitled to summary judgment on this record, we reverse and remand for further proceedings. Chisholm v. Stevens, 231 So.2d 640 (La.App. 4th Cir.1970), writ denied; Dette v. Covington Motors, Inc., 426 So.2d 718 (La.App. 1st Cir.1983).
STIPULATED FACTS
These facts were stipulated by the litigants:
James Lee, Jr. was a resident of his father’s household when the accident occurred on April 25, 1989. The policy, issued in June 1988 for a one-year term, specifically excluded liability coverage for both James Lee, Jr. and James Lee, Sr. when driving a vehicle not insured under the policy. The 1964 Chevrolet Malibu was not listed as an insured vehicle when the policy was issued.
On or about April 13, 1989, Lee, Sr. contacted the Hullett Insurance Agency in Shreveport and requested that the Malibu be added to the policy as an insured vehicle. The Hullett Agency sent this letter to New England’s Metairie office on April 13:
Please endorse the [Lee] policy to add James Philipp Lee [Jr.], DOB 05/26/72, License # 5717811. His MVR is attached. Also, add a 1964 Chevrolet Che-velle [sic] VIN # 45569A132284 with 10/20/10 liability only.
On April 6, 1989, one week before Lee requested that the Malibu be added to the policy, the Commissioner of Insurance issued a cease and desist order stating that New England “is hereby ordered to cease and desist writing any and all insurance business in the State of Louisiana.”
On April 14, 1989, the Commissioner of Insurance filed a “petition for conservation” of New England’s assets and obtained an injunction prohibiting New England from transacting business except with the written concurrence of the Commissioner, until further court order.
On April 21, 1989, a judgment was rendered placing New England in rehabilitation, making the April 14 injunction permanent, and prohibiting New England from “disposing of its property and from the transaction of [its] business.”
The accident occurred on April 25, 1989.
New England in rehabilitation notified the Hullett Insurance Agency of the April 6 cease and desist order and the April 21 rehabilitation order by letter dated July 28, 1989. The letter states that the cease and desist order “prohibits new policies from being issued and endorsements to existing policies which incur additional liability to the .company. All endorsements dated April 6, 1989, and later, [which] add liability to the company, are not accepted.”
The Hullett Agency sent Lee a copy of this letter on August 9, 1989, telling him, “This means that the endorsement you requested on the [Malibu on April 13] will not be honored. It is imperative that you contact our office immediately as your vehicle has no insurance coverage. We have the facilities to write this coverage through other companies, but we will need your approval of this action.”
From these facts, LIGA argued that the Malibu was not covered because New England did not endorse the policy and could not have done so when the request to add the Malibu was made because the cease and desist order was then in effect. Alexander argued that coverage should be found as a matter of law because the request to add the Malibu was made the day before the first court order was issued enjoining New England from transacting business. Alexander argued, without a factual basis in the stipulation or elsewhere in the record, that the Hullett Agency had authority to bind New England to provide coverage as of the date of Lee’s request to add the Malibu to the policy.
The trial court granted summary judgment in favor of LIGA, finding that the *1027 Malibu was not covered under the policy because “there is no indication in the record that New England ever agreed to add this vehicle to the policy. In fact, New England had been ordered to cease and desist doing business in Louisiana prior to James Lee, Sr. requesting the additional coverage.”
DISCUSSION
The trial court implicitly found that an endorsement to the policy was necessary to afford coverage for the Malibu. While the parties stipulated that the policy “specifically excluded liability coverage for James Lee, Jr. or James Lee, Sr. when driving a vehicle not insured under the policy,” they did not file the policy in the record or address in the stipulation whether or under what circumstances the policy may have automatically provided coverage for “newly acquired vehicles,” as some policies do for some number of days after the insured acquires a vehicle during the policy period, if the insured timely notifies the insurer of the acquisition. See, for example, Mathews v. Marquette Casualty Company, 152 So.2d 577 (La.App. 2d Cir.1963), writ denied. The stipulation does not say when the Malibu was acquired.
The stipulation also does not squarely address the issue whether Hullett Insurance Agency was an insurance agent of New England, soliciting risks and effecting insurance as a representative of New England, or an insurance broker, soliciting insurance from various insurers as the insured’s representative. LRS 22:1161, 1162 (redesignated as §§ 641 and 642 by Acts 1991, No. 1031, effective January 1, 1993); Boyter v. Blazer Const. Co., Inc., 505 So.2d 854 (La.App. 2d Cir.1987). This distinction determines whether New England was bound by Hullett’s pre-accident knowledge of Lee’s intention to add the Malibu as a covered vehicle under the policy. See and compare Mathews, supra, Herbert v. Breaux, 285 So.2d 829 (La.App. 1st Cir.1973), and United Credit Plan of Jena, Inc. v. Hailey, 341 So.2d 58 (La.App. 3d Cir.1976).
Hullett’s letter to Lee informing him that New England would not endorse its policy is attached to the stipulation. In the letter, Hullett states, “We have the facilities to write this coverage through other companies.” While this suggests that Hullett was acting as a broker for Lee rather than as an agent for New England, the parties did not directly address the nature of the relationship in their stipulation.
Alexander argues in brief that Lee “could reasonably rely on [Hullett] as being someone authorized to bind New England [because] no notice had been given to [Lee] that the situation was otherwise; and [Hullett] had previously sold a New England policy to [Lee] without incident.” These asserted “facts” are not part of the stipulation. The issue of Hullett’s status is a disputed fact that is material to the coverage issue.
The litigants have given no legal authority, here or below, for their respective arguments about the effect of the cease and desist order on the request to change coverage. According to the stipulation, Hullett did not receive notice of that order until three months after the accident. The statute authorizing the order, LRS 22:1217 (redesignated as § 778 effective Jan. 1, 1993), does not say when the order takes effect with respect to agents of the insurer who have not been notified of the order. Under the law generally applicable to the principal-agent relationship, the agent who does not know that his principal’s power or right to act has ceased may validly act on behalf of the principal “during this state of ignorance.” CC Art. 3032; Simms v. Braren, 252 So.2d 459 (La.App. 4th Cir.1971). As noted above, the stipulation does not say whether Hullett was acting as an agent or a broker in its dealings with Lee and New England.
Summary judgment may be granted only when there are no genuine issues of material fact and when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court. CCP Art. 966; Dette v. Covington Motors, Inc., supra. Summary judgment is not ap *1028 propriate when there are disputed factual issues, notwithstanding that the litigants have jointly moved for summary judgment and asserted that “all of the facts are before the court,” or when the facts, although not disputed, support different legal conclusions which are not resolved by the documents filed in support of the motion. Chisholm v. Stevens, supra. When the motion for summary judgment concerns insurance coverage, the absence of the insurance policy from the record may preclude summary judgment. Dette, supra.
CONCLUSION; DECREE
Alexander asks that we reverse the summary judgment in favor of LIGA and grant summary judgment in his favor. This record, in its present state, does not support summary judgment in favor of either party. Reversing, we render judgment denying each party’s motion for summary judgment and remand for further proceedings. Costs below and here relating to the joint motion are assessed to LIGA.
REVERSED, RENDERED AND REMANDED.