146 So.2d 441 (1962)
George C. TOUCHET, Plaintiff and Appellant,
v.
FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Defendant and Appellee.
No. 637.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1962.
Rehearing Denied November 28, 1962.
Certiorari Denied January 14, 1963.
*442 Dugas, Bertrand & Smith, by Fred M. Smith, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by J. J. Davidson, Jr., Layfayette, for defendant-appellee.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a tort action instituted by George C. Touchet, as administrator of the estate of his minor son, Gerald Touchet. Plaintiff alleges that his son was riding in an automobile owned by plaintiff and being driven by another minor, Leed J. Taylor, Jr., when an accident occurred and the minor child of plaintiff sustained injuries. The suit is against Firemen's Insurance Company of Newark, New Jersey, the liability insurer of the automobile in question. Without filing an answer, the defendant insurance company filed a motion for summary judgment, based on the coverage defense that Leed J. Taylor, Jr. did not have the permission of the named insured, Mr. George C. Touchet, to drive the automobile. After hearing, the district judge rendered a summary judgment dismissing plaintiff's suit. Plaintiff now appeals.
The only issue argued by plaintiff and defendant in this court is whether Leed J. Taylor, Jr. was an insured under the provisions of the omnibus clause of the policy, which extends coverage to any person using the automobile with the permission of the named insured. However, although we are most reluctant to raise an issue not urged by counsel, we have concluded that the summary judgment must be set aside because there is a genuine issue of material fact.
The record shows the petition alleges that the automobile was owned by the plaintiff, Mr. George C. Touchet; that plaintiff had given his son permission to use the car; that at the time of the accident it was being driven by Leed J. Taylor, Jr. with the permission of young Touchet.
Without filing an answer, the defendant insurer moved for summary judgment on the grounds that its policy did not provide coverage. In its motion for summary judgment the defendant alleges: "That under the pleadings, the policy of insurance, affidavits and depositions which may be presented herein, there is no substantial issue of fact presented, and defendant is entitled to a summary judgment in its favor."
In support of its motion for summary judgment the defendant filed in evidence the insurance policy and three depositions. The first deposition is that of George C. Touchet, the plaintiff, who stated that this was a family automobile and that on the Saturday night in question he gave his *443 eighteen year old son, Gerald, permission to use the car to visit night clubs in the area. Young Taylor was there at the time but nothing was said by plaintiff as to whether Taylor had permission to drive or whether young Touchet had permission to allow Taylor to drive.
The next deposition filed by defendant is that of young Touchet, who stated that he drove the car as he and Taylor left plaintiff's home; that they visited two or three night clubs; that Taylor asked if he could drive; that he gave Taylor permission to drive; that Taylor was driving at the time of the accident and he, young Touchet, was asleep on the front seat.
The third deposition filed by defendant is that of Leed J. Taylor, Jr., who testified positively that he did not drive the car at any time that night; that at the time of the accident young Touchet was driving; that he, Taylor, received head injuries in the accident.
Also in the record is a written statement given by Taylor to an insurance adjuster. In this statement also Taylor contends that it was not he, but young Touchet who was driving at the time of the accident.
Applicable here is LSA-C.C.P. Art. 966 which reads as follows:
"Motion for summary judgment; procedure
"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
We have as yet developed very little jurisprudence in Louisiana on summary judgments because this procedural device did not become a part of our law until the effective date of the Code of Civil Procedure on January 1, 1961. However, there are many Federal cases dealing with summary judgments under Federal Rule 56. Vol. 3, Barron & Holtzoff, Federal Practice and Procedure, Sections 1231-1247, discusses the history and development of summary judgment under Federal Rule 56. This excellent text states that the primary purpose of the summary judgment is to secure the prompt disposition of cases on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved. This text also states that the only question to be decided on a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined. The hearing on the motion is not a trial. If it appears that there is a genuine issue to be tried, the motion should be denied and the case allowed to proceed to trial in the usual way.
The above described depositions, filed by defendant, show that there is a genuine issue of material fact in this case. Touchet says that Taylor was driving and Taylor says that Touchet was driving. It might be argued that for purposes of considering this motion for summary judgment, the court must accept as true the allegations of plaintiff's petition which states that Taylor was driving. We do not believe this to be a correct statement of the law, for the reasons set forth in Vol. 3, Barron & Holtzoff, Federal Practice & Procedure, Section 1235, pages 142-144 as follows:
"Some cases have held that a defendant's motion for summary judgment *444 must be denied if the complaint states a claim for relief, and that the court must accept the allegations of the complaint as true. This cannot be the rule, for if it were, summary judgment would be merely a new name for the old common-law demurrer, and would serve no function not already adequately performed by the motion to dismiss under Rule 12 (b). Thus the better reasoned cases hold that the motion for summary judgment should be granted if the evidence at the hearing establishes that the allegations of the pleading are not supported, and that the sufficiency of the complaint as a pleading cannot be controlling. Of course the pleadings themselves may establish the existence of an issue of fact where the moving party has offered no other evidence, but cases which say that summary judgment may never be granted where the pleadings create a genuine issue or which draw overnice distinctions between formal and substantial issues raised by the pleadings cannot be accepted as authoritative. The correct principle, as will be fully developed in the next section, is that the court must look beyond the pleadings to the other evidence presented."
Thus, in the instant case the mere filing by defendant of a motion for summary judgment does not constitute an admission by it of the facts alleged in plaintiff's petition. Furthermore, defendant has not filed an answer or any other type of pleading or document judicially admitting that Taylor was driving the automobile. As noted above, the depositions show there is a genuine issue as to who was driving and this issue has not been put to rest.
The logic of our conclusion is demonstrated by assuming the hypothetical situation that the lower court overruled defendant's motion for summary judgment. If this had happened, there is no reason why defendant could not then have filed an answer alleging as a fact that the Touchet boy was driving the car and that recovery is barred by contributory negligence. Insofar as the record now shows, this would be a close factual question for trial on the merits. It would appear that defendant is here attempting to win its case on a motion for summary judgment and at the same time avoid committing itself to an admission of fact which would affect its defense on the merits.
Another hypothetical situation which might demonstrate that this is simply not the kind of a case for the application of a motion for summary judgment, is to assume that Taylor, who suffered head injuries, filed suit against the defendant insurer alleging that he was a passenger and that the Touchet boy was the driver. It would cause the courts to appear strange indeed if in Taylor's case it were found as a fact that Touchet was driving, and if in this case it were found as a fact that Taylor was driving.
In the instant case, we would undoubtedly have reached a contrary conclusion if the defendant had filed an answer or other pleading or admission judicially admitting the fact that Taylor was driving. However, defendant has not made such a judicial admission and the issue is still genuinely open as to who actually was driving the automobile at the time of the accident. There being such a genuine issue as to material fact, this is not a proper case for the use of the motion for summary judgment.
For the reasons assigned, the summary judgment appealed is reversed and set aside and this case is remanded to the district court for further proceedings. All costs of this appeal are assessed against the defendant.
Reversed and remanded.

On Application for Rehearing.
En Banc. Rehearing denied.