LANDRY, Judge.
Plaintiff, David R. Burrus, prosecutes this appeal from a summary judgment of the trial court rejecting and dismissing his suit for a brokerage fee or commission allegedly earned for securing a loan for defendant, The Guest House of Opelousas, Inc. (Guest House), a Louisiana corporation domiciled in East Baton Rouge Parish. We find that the trial court erred in so deciding and reverse his judgment.
By contract dated December 6, 1965, Guest House, through its duly authorized Secretary-Treasurer, Thomas R. Pruyn, constituted appellant its exclusive agent for a period of 8 days from said date to obtain a loan of $80,000.00, at interest not exceeding 12% per annum, to' be repaid over a period of not less than 6 years. The contract, appearing in the record, states, inter alia: “said commission is earned when broker obtains a lender who is ready and willing to make the aforesaid loan.” The agreement further provides that security for the loan was to be a second mortgage on certain property belonging to defendant and specifically described therein.
On December 9, 1965, within the contract period, plaintiff secured a prospective lender, Leon H. Rittenberg, Jr., who, on behalf of an undisclosed client, agreed to lend Guest House the sum of $88,000.00 with interest at the rate of 8% per annum after maturity, payable in 72 monthly installments. Rittenberg’s commitment, introduced in evidence, contains the following condition precedent: “The payment of the aforesaid second mortgage and note according to their terms shall be guaranteed un-qualifiedly by National American Life Insurance Company, a Baton Rouge life insurance corporation. Satisfactory evidence of the authority of National American Life Insurance Company to bind itself on said guarantee and its officers or representative to execute same in its name and on its be *175 half must be furnished prior to the loan.” It is conceded the commitment was unconditionally accepted on behalf of defendant on December 13, 1965.
Appellant asserts his right to institute the present action stems from the contract of employment which states in substance that, if for any reason the loan secured is not taken, Guest House agrees to pay the commission stipulated together with attorney’s fees and costs in the event it becomes necessary for plaintiff to file suit to collect his commission.
Plaintiff’s petition alleges the contract of employment, the commitment forthcoming from Rittenberg, defendant’s unconditional acceptance thereof and appellee’s alleged breach of the agreement by refusing to pay the commission reputedly earned. Defendant countered with a motion for summary judgment dismissing appellant’s claim on the ground there is no genuine issue concerning any material fact essential to plaintiff’s claim. To its motion for summary judgment defendant attached an affidavit by Rufus D. Hayes, Executive Vice President and General Counsel for National American Life Insurance Company (National), in which was incorporated the full text of a written commitment dated October 11, 1965 from National to Guest House. In substance National’s letter states that subject to certain conditions therein enumerated with respect to interest rate, duration of amortization period and principal balance due on the outstanding prior mortgage, National undertook to guarantee a second mortgage not in excess of $35,000.00. Hayes’ affidavit further recites that on or about December 9, 1965, he was contacted by Rittenberg and requested to modify the terms of the October 11, 1965 commitment by increasing the amount, extending the duration and unqualifiedly guaranteeing the proposed obligation as increased and extended, all of which Hayes refused to do.
In refutation of Hayes’ affidavit, appellant recorded his personal affidavit wherein he reiterates the basic allegations of his petition. He also relates that Rittenberg’s commitment was unconditionally accepted by defendant through its representative, Pruyn. He further avers that all conditions of the commitment were accepted by defendant and adds that any variations between the contract of employment and Rit-tenberg’s commitment were made on defendant’s behalf by Pruyn in his capacity as officer of defendant corporation. Finally, he avows that Pruyn, on behalf of defendant company, obligated defendant to secure and obtain the necessary guarantees, endorsements and securities required in Rit-tenberg’s commitment as indispensable prerequisites to the second mortgage loan.
Defendant argues that Rittenberg’s commitment was conditioned upon the full guarantee of the second mortgage by National, a requisite never fulfilled, consequently appellant never produced a lender ready and willing to make the loan. Defendant also contends that Hayes’ affidavit makes it clear National would not meet the provisions of the Rittenberg commitment, therefore, plaintiff has not earned the commission.
On the other hand, appellant claims the discrepancies between the brokerage contract and the Rittenberg commitment resulted from the action of Pruyn acting as defendant’s agent. Plaintiff also contends failure to secure National’s endorsement is a matter of no moment because defendant having obligated itself to secure the guarantees, endorsements and securities called for in the Rittenberg offer, may not now complain that such endorsement was not forthcoming.
It appears, therefore, the parties are in agreement that the loan was not made because the required guarantee of National was not obtained. Under ordinary circumstances, this would seem to end the matter and warrant the summary dismissal of plaintiff’s action as prayed for by defendant. Plowever, plaintiff’s affidavit advances the contention that notwithstanding National’s refusal to guarantee the second *176 loan, the commission was earned because defendant itself undertook to fulfill the requirement, that is, obtain the antecedent guarantee. In effect plaintiff is alleging and contending that the terms of the initial agreement were modified, extended and altered at defendant’s request and with defendant’s knowledge and permission.
Our Summary Judgment Law, LSA-C.C.P. Article 966 et seq., patterned after Rule 56 of the Federal Rules of Civil Procedure, is not a substitute for trial of a controverted issue but may be invoked only where there is no genuine issue of fact to be resolved. McDonald v. Grande Corp., La.App., 148 So.2d 441. In determining proper application of the Louisiana Summary Judgment Law, the decisions of the Federal appellate courts on the subject matter may be considered. Kay v. Carter, 243 La. 1095, 150 So.2d 27.
Our jurisprudence has established that the mover for summary judgment bears the burden of clearly establishing the absence of a genuine issue of fact and all reasonable doubt as to such absence shall be resolved against the mover. Touchet v. Firemen’s Insurance Co. of Newark, N. J., La.App., 146 So.2d 441.
 On a motion for summary judgment the only question for decision is whether a genuine issue of fact exists; how such issue should be resolved is not a concern of the court until the case is tried on its merits. If on a motion for summary judgment it appears a genuine issue of fact exists, the motion should be denied and the case permitted to proceed, to trial in the regular order. Touchet v. Firemen’s Insurance Co. of Newark, N. J., supra.
Where affidavits of the proponents and opponents of a motion for summary judgment indicate a genuine issue of fact may exist, the motion for summary judgment should be denied. Boothe v. Fidelity & Casualty Company of New York, La. App., 161 So.2d 293.
Applying the foregoing principles to the case at bar, we find the trial court acted improperly in sustaining defendant’s motion for summary judgment.
The offering by appellant unquestionably poses the issue of whether defendant modified the initial contract as to the terms and conditions of the loan and whether appellee assumed the obligation of securing the guarantees demanded by the prospective lender. Such issues present questions of material fact which preclude invocation of our Summary Judgment Law. Touchet v. Firemen’s Insurance Co. of Newark, N. J., supra.
Accordingly, the judgment of the trial court is annulled, reversed and set aside and judgment rendered herein dismissing and rejecting defendant’s motion for summary judgment and this cause remanded to the trial court for further proceedings consistent with the views herein expressed. Costs of this appeal to be paid by defendant, Guest House of Opelousas, Inc.
Reversed and remanded.