219 So.2d 226 (1969)
Bessie B. OWENS, Plaintiff-Appellant,
v.
A A A CONTRACTING COMPANY, Inc., et al., Defendants-Appellees.
No. 7523.
Court of Appeal of Louisiana, First Circuit.
January 17, 1969.
*227 Scullin & Causey, Baton Rouge, Sims & Mack, Hammond, for plaintiff-appellant.
Kantrow, Spaht, Weaver & Walter, Baton Rouge, for defendants-appellees.
Before LOTTINGER, ELLIS and BAILES, JJ.
BAILES, Judge.
This is an appeal from judgment of the trial court sustaining a motion for summary judgment filed by defendants. We have determined that the motion was erroneously granted and the judgment must be reversed.
The plaintiffs bring this action in tort to recover damages allegedly due them for the death of James Owens who was fatally injured by a falling boom of a "Cherry-Picker" owned by AAA Contracting Company, Inc., operated by Anthony Deville and leased to Foster Wheeler Corporation, the employer of decedent.
The allegations of Plaintiffs' petition pertinent to a disposition of this appeal are these:
"That on or about December 28, 1965 at or about 2:30 P.M. plaintiff was engaged in activities in the construction of the plant for Texaco for his employer when an employee of AAA Contracting Company Inc. who was operating a motor vehicle mounted crane known as a `Cherry picker' and which was being used to move certain materials into the job cite area, was operating with the boom extended and without its outriggers being down suddenly became unbalanced due to the operation by the operator causing the crane to overturn and the boom to strike the decedent resulting in serious personal injury to the said James Owens decedent requiring hospitalization and which resulted in his death several days after his injury.
"Prior to and at the time of the accident herein alleged AAA Contracting Company, Inc. was an independent equipment rental firm which held itself out to the public as renting equipment with competent and fully trained operators for all types of heavy equipment operation and set forth that they were ready, willing, and able at any time and place to supply fully competent operators on the equipment sent on job cites (sic) by themselves that in the particular instance herein involved the 12½ ton gallian (sic) motor mounted crane was being operated by an illiterate unskilled and incompetent operator without adequate supervision, care or instructions by the employer AAA Contracting Company, Inc. and was operated in a gross negligent and hazardous *228 manner in the following particulars, among others, to be shown at the time of the trial:
"1. That the operator of the `cherry picker' was untrained in the use of the equipment which he was designated to operate;
2. That the operator of the equipment herein was illiterate and unable to read the English language and was unable to read and comprehend the instructions in the cab of said vehicle giving warnings as to its capacity and use;
3. That the `cherry picker' was being used with the extended boom and heavy load without the out-riggers being down as designated by the proper operating procedures;
4. The the `cherry picker' was being operated by a man who the AAA Contracting Company, Inc. knew or should have known was incompetent and should have properly been designated as an oiler rather than a heavy equipment operator; and
5. That the AAA Contracting Company, Inc. breached their expressed and implied warranties to the public and the third party beneficiary herein James Owens of providing equipment operators who were competent for the purposes for which they were assigned.
"That the accident herein and the resulting death of James Owens was the result of the negligence of the third party tortfeasor namely, the operator Anthony Deville who was employee of the AAA Contracting Company, Inc. who was not an employee of Foster-Wheeler Corporation or a co-employee of James Owens."
From the above allegations we glean that plaintiffs' action is based on the allegations that AAA Contracting Company, Inc., as the employer of Anthony Deville, is responsible under the doctrine of respondeat superior for his negligence which caused the death of Owens, and secondly, that AAA Contracting Company, Inc., is responsible in damages for placing an inexperienced and untrained operator in charge of the "Cherry-Picker" knowing him to be incompetent to properly operate this equipment.
The motion for summary judgment is based on the premise that defendant, AAA Contracting Company, Inc., while the owner of the machine to which was attached the "Cherry-Picker", leased or rented this equipment, together with operator, to Foster Wheeler Corporation; that the latter corporation had complete charge, direction and dominion over the crane and its operator, thus making Anthony Deville the borrowed employee of Foster Wheeler Corporation and not an employee of AAA Contracting Company, Inc. Appropriate affidavits were filed to support this legal relationship. There appears no affidavit or other acceptable proof that does not support this position.
The other facet of defendants' motion is that Anthony Deville was an experienced "Cherry-Picker" operator; that he was classified as an operating engineer by local Union 406; that he has never received any complaints or been questioned about his competency to operate a "Cherry-Picker;" that he had previously operated a "Cherry-Picker" for Foster Wheeler Corporation in December, 1965, and that he continued to operate a "Cherry-Picker" at the Texaco plant for about a year following this accident.
The trial judge correctly held that Anthony Deville was a borrowed employee of Foster Wheeler Corporation, thus not an employee of defendant, AAA Contracting Company, Inc., and accordingly that AAA Contracting Company, Inc., is not responsible for the alleged negligence of Anthony Deville under the doctrine of respondeat superior; however, from his reasons for judgment we must conclude that he did not consider nor pass on the question *229 of the alleged independent negligence of AAA Contracting Company, Inc., as set forth in plaintiffs' petition, in placing an inexperienced and untrained operator in charge of the operation of the "Cherry-Picker".
While the affidavits and the depositions filed by plaintiffs and defendants leave no dispute or issue of fact as to the status of Anthony Deville as a borrowed employee of Foster Wheeler Corporation, the same is not true of the factual issue of the competency of Anthony Deville as a qualified operator of the "Cherry-Picker" and the alleged negligence of AAA Contracting Company, Inc., in placing him in charge of this equipment.
We are not going to make a conclusion or a finding of fact with reference to this issue, as this primarily is the province of the trial court in this stage of the proceedings.
Issues which raise or create a genuine dispute of a material fact cannot be tried and concluded by the proof offered in support of a motion for summary judgment. The provisions of LSA-C.C.P. Article 966 are not to be substituted for the trial of a material fact about which there exists a genuine dispute, and such a dispute exists in this case as to the competency of Anthony Deville and the alleged negligence of AAA Contracting Company, Inc., in placing him in charge of the "Cherry-Picker". See: Kay v. Carter, 243 La. 1095, 150 So.2d 27; Ellis v. Johnson Lumber Company, La.App., 150 So.2d 838; Burrus v. Guest House of Opelousas, Inc., La.App., 195 So.2d 173. This simply is not the type of issue which is appropriate for determination and disposition by affidavits.
For these reasons the judgment granting summary judgment herein is reversed and the matter is remanded to the district court for further proceedings not inconsistent with this opinion. Defendant-Appellees to pay all costs of this appeal.
Reversed and remanded.