PICKETT, Judge.
This is an action by Leonard Charles Yates and his wife, Patsy Ruth Townley Yates, for damages for the death of their minor daughter, Kimberly Michelle Yates, who was fatally injured by being struck by a pickup truck owned by M & N Construe- *794 tors, Inc., and operated by Tony Lynn Kimble, the minor son of Tony Hastings Kimble, on March 31, 1968, in East Baton Rouge Parish, Louisiana. The defendants are Tony Hastings Kimble, M & N Constructors, Inc., and Argonaut Insurance Company, the liability insurer of M & N Constructors, Inc., sometimes hereinafter referred to as M & N. The defendants, M & N and Argonaut Insurance Company, filed a motion for a summary judgment, which was sustained by the district court. Plaintiffs have appealed.
The general rules applicable to summary judgments are set forth in LSA-C.C.P. Article 966 et seq. LSA-C.C.P. Article 966, provides:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. As amended Acts 1966, No. 36 § 1.”
LSA-C.C.P. Article 967 provides for the filing of affidavits, depositions and interrogatories setting forth specific facts and states in part as follows:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
The jurisprudence is well established to the effect that in passing on a motion for a summary judgment, the function of the court is not to determine the merits of the issues raised, but rather to determine whether or not there is a genuine issue of a material fact. The burden is on the mover for a summary judgment to show that there is not a material factual issue involved. Furthermore, all doubts are to be resolved against granting a summary judgment and in favor of a trial on the merits to resolve disputed facts. Kay v. Carter, 243 La. 1095, 150 So.2d 27; Greene v. Travelers Insurance Company, La.App., 212 So.2d 737; and Allen v. United States Fire Insurance Company, et al., La.App., 222 So.2d 887.
The plaintiff’s petition alleges in general that Tony Lynn Kimble, the minor son of defendant, Tony Hastings Kimble, was living with his father at the time of the accident which resulted in the death of Kimberly Michelle Yates, and that he was driving the pickup truck which was owned by the defendant, M & N Constructors, Inc., with full knowledge of his father and the defendant, M & N Constructors, Inc. The truck which caused the death of the Yates child was furnished to Tony Hastings Kimble for his business and personal use by M & N Constructors, Inc., who were aware, or should have been aware, that the vehicle was habitually used by Tony Lynn Kimble ever since it was furnished to his father, who was an employee of the defendant, M & N. The plaintiffs specifically alleged that Tony Lynn Kimble had been cruising up and down Gibbens Payne Drive in Baker, East Baton Rouge Parish, Louisiana, numerous times on the Sunday afternoon, March 31, 1968, immediately prior to the time he struck and killed Kimberly Yates, and that he knew, or should *795 have known, that a great number of children were playing on both sides of and crossing Gibbens Payne Drive. They further alleged that Tony Lynn Kimble was not keeping a proper lookout while driving, and, in fact, was looking behind him and to his left at the time of the accident. They alleged other acts of negligence which contributed to the fatal accident.
The defendant, Tony Hastings Kimble, filed an answer of general denial of liability. The defendants, M & N and its insurer, Argonaut Insurance Company, filed a motion for a summary judgment. The plaintiffs filed an opposition to the motion for a summary judgment. On the trial of the motion for a summary judgment, the movers filed the depositions of Tony Hastings Kimble, Tony Lynn Kimble, Raymond Penn, and the insurance policy, under the terms of which the Argonaut Insurance Company insured defendant, M & N. The senior Mr. Kimble, in his deposition, stated that he had authorized his son to drive the truck which struck and killed Kim Yates. However, he said his supervisor, Raymond Penn, had, prior to the accident, told him that he would rather his son not drive the truck. Mr. Raymond Penn, whose evidence was taken by deposition, disputes Mr. Kimble’s testimony, and says that he definitely advised the senior Mr. Kimble not to permit his son to drive the truck.
A careful examination of the pleadings and the evidence supporting the motion for a summary judgment discloses that the use of company vehicles by the supervisory personnel involves a question of fact with particular reference to the scope of limitation imposed upon such use. Both Mr. Penn and Mr. Kimble testified that the vehicles were assigned to Mr. Kimble and two other superintendents for business and personal use. There is a question of fact regarding the scope and limitation of the personal use of the vehicle involved. Furthermore, there is a serious question concerning the manner in which the limitations on the use of the M & N vehicles was communicated. There was no published limitations until after the accident involving the vehicle driven by young Kim-ble. Prior to that time the limitations, if any, based on the use of the vehicles were expressed only verbally and informally. The evidence indicates a laxity in the policy of M & N regarding the use of its vehicles. Mr. Penn testified to the effect that the company employees were not required to make any report concerning the use made of the vehicles assigned to them. A serious question exists as to whether or not Mr. Kimble senior received any specific prohibition regarding the use of the vehicle assigned to him for his son. For example, he stated that Mr. Penn had told him that he had rather his son did not drive the vehicle. On the other hand, Mr. Penn stated that he had definitely requested the senior Mr. Kimble not to permit his son to drive the vehicle. We believe that the issue of whether or not Tony Lynn Kimble was driving the M & N truck as a permittee within the meaning of the insurance policy should be resolved by a trial on the merits. In a somewhat similar situation in the case of Fontenot v. Aetna Insurance Company, La.App. 225 So.2d 648, (3rd Cir.) the court said:
“Thus, a formal policy denying the initial permittee authority to lend the car to a second permittee may be belied by actual practice indicating implied consent. Peterson v. Armstrong [La.App., 176 So.2d 453], cited above. As we stated in Coco v. State Farm Mutual Automobile Ins. Co., La.App. 3rd Cir., 136 So.2d 288, 295: ‘We can readily conceive of circumstances where the permission of the named insured for a second permittee to use the automobile may be implied, even though the named insured has specifically prohibited the initial permittee from letting someone else drive. Such permission may be implied, for instance, if the named insured has knowledge of the fact that the original permittee has permitted others to use the automobile in spite of that prohibition, and after acquiring that *796 knowledge he makes no protest and takes no action to prevent him from continuing to do so. * * * ’
* * * * * * However, as we have noted, the implied permission to use a vehicle, either directly by the named insured’s employee (here, Jones), or else indirectly through the scope of the permission given the initial permittee (here, Kleckley-Broad Street), may arise from circumstances indicating unobjected-to use in the past, as well as from specific verbal authorization. Likewise, testimony as to a pro forma policy prohibiting use except with specific permission, may be negated by circumstances indicating that in fact broader use occurred to the knowledge of the named insurer and its officers and employees with ostensible authority to permit it.”
This court in Owens v. A A A Contracting Company, La.App., 219 So.2d 226 held:
“Issues which raise or create a genuine dispute of a material fact cannot be tried and concluded by the proof offered in support of a motion for summary judgment. The provisions of LSA-C.C.P. Article 966 are not to be substituted for the trial of a material fact about which there exists a genuine dispute, and such a dispute exists in this case as to the competency of Anthony Deville and the alleged negligence of AAA Contracting Company, Inc., in placing him in charge of the ‘Cherry-Picker’. See: Kay v. Carter, 243 La. 1095, 150 So.2d 27; Ellis v. Johnson Lumber Company, La.App., 150 So.2d 838; Burrus v. Guest House of Opelousas, Inc., La.App., 195 So.2d 173.”
The evidence indicates sufficiently that there are genuine issues of fact as to whether a trial on the merits might disclose evidence that the vehicle assigned to the senior Mr. Kimble was under circumstances that the permission granted by him to his son was such as to make M & N liable for the negligence of Mr. Kimble’s per-mittee and to make the driver, Kimble junior, an insured under the insurance policy issued by defendant, Argonaut Insurance Company.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for further proceedings ip accordance with the law and the views herein expressed. All costs of this appeal are assessed against the defendants-appellees.
Reversed and remanded.