FRUGÉ, Judge.
This is an action brought by the Louisiana Bank and Trust Company of Crowley, Louisiana, as holder of five ware *633 house receipts issued by the Roanoke Rice Co-op located in Roanoke, Louisiana.
This suit was consolidated for trial with a companion case in which Security Bank and Trust Company of Wharton, Texas sued as the holder of one warehouse receipt also issued by the Roanoke Rice Co-op. We are deciding both cases this date. Security Bank and Trust Company, Wharton, Texas v. Roanoke Rice Co-op and American Employers Insurance Company, 247 So.2d 631 (La.App. 3rd Cir., 1971).
The Roanoke Rice Co-op is licensed to operate under the state-regulated Farmer’s Warehouse Law (LSA-R.S. 54:241-260). The American Employers’ Insurance Company is the underwriter of the statutorily required surety bond prescribed by the State Warehouse Commission. The six warehouse receipts involved in the instant case were issued by the Roanoke Rice Coop. The six warehouse receipts in question were issued on identical forms, bearing the designation “Original Negotiable”. Two of the warehouse receipts were issued to the Lake Rice Mill, Inc., and the other four receipts were issued to the Rex Rice Company, Inc.
These warehouse receipts were pledged as collateral to secure certain advances made to the Rex Rice Company by the Louisiana Bank and Trust Company and the Security Bank and Trust Company.
When the Rex Rice Company defaulted on the loans, which were secured in part by the six warehouse receipts, the plaintiff hanks caused an examination to be made of the rice represented by the six warehouse receipts. The inspection made by the U. S. Department of Agriculture revealed that some of the goods described in the six warehouse receipts were nonexistent, some failed to correspond with the description thereof contained in the receipts, and some were of inferior quality, and some of the goods were damaged. The plaintiff banks, in order to mitigate losses and salvage perishable goods caused those commodities which were on hand to be sold and allegedly sustained certain losses because of the failure of the commodities to correspond with the description of quantity and quality contained in the warehouse receipts. Louisiana Bank allegedly suffered losses in the amount of $38,327.97. The bank subsequently filed this suit to recover the alleged loss.
The defendants moved for summary judgment on the basis of certain allegations and affidavits which they alleged tended to show that:
(1) Roanoke Rice Co-op never had a field or public warehouse as contemplated by the Uniform Warehouse Receipts Act, and thus, the warehouse receipts were not negotiable, and if negotiable, were nullities ; and,
(2) since the plaintiff had entered into a compromise agreement with its debtor, Rex Rice Mill, releasing Rex fully and completely from all claims by the bank arising out of the loans secured by the warehouse receipts, that this amounted to a discharge of the principal debtor which also discharged the secondary obligation, the pledge of the warehouse receipts. After a hearing on the motion for summary judgment, the trial court held that the compromise agreement in question had released Rex Rice Mill, the principal debtor. The court further held that the release of the principal debt extinguished the accessory obligation, the pledge of the warehouse receipts. Thus, summary judgment was granted in favor of defendants. From this judgment, plaintiff appealed.
On a motion for summary judgment, the mover has the burden of showing that there is no genuine issue as of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. 966 et seq., Owens v. AAA Contracting Company, 219 So.2d 226 (La.App. 1st Cir., 1969), Smith v. Old Colony Insurance Corp., 187 So.2d 463 (La.App. 4th Cir., 1966), Touchet v. Fireman’s Insurance *634 Company, 146 So.2d 441 (La.App. 3rd Cir., 1962.)
A hearing on the motion for summary judgment is not a substitute for a trial on the merits, and likewise, it may not be used as a substitute for an exception of no cause or right of action. The summary judgment procedure is properly authorized only when the mover establishes there is no material fact at issue between the parties, and that clearly as a matter of law, the mover is entitled to judgment. We think the mover in the instant case failed to carry this burden and that the entry of summary judgment was improper.
This is not a proper case for the application of the rule that a secondary obligation is extinguished by the release of the primary obligor. When the warehouse receipts in question came into the hands of the plaintiff as a pledge to secure certain advances made to Rex Rice Mill, Roanoke Rice Co-op which issued the warehouse receipts, did not become a secondary obligor or guarantor of the advances made to Rex Rice Mill. Article 3035 of the Louisiana Civil Code describes suretyship as an “ ‘accessory promise by which a person binds himself for another already bound’.” A surety is one who binds himself to the creditor as a guarantor of the debtor’s primary obligation.
In the instant case, the debtor, Rex Rice Mill, had been issued certain allegedly negotiable warehouse receipts by Roanoke Rice Co-op representing the deposit of certain lots of rice. Rex pledged these warehouse receipts as collateral. The pledge of these receipts was not in the nature of a suretyship. Since Roanoke was not a party to the principal obligation and did not contract with the plaintiff to guarantee the advances made to Rex, then Roanoke did not become a surety and any obligation of Roanoke must arise out of Roanoke’s issuance of the warehouse receipts in question. The extinguishment of the principal debt by compromise, and an agreement to release the principal debtor could not have released Roanoke Rice Coop from its obligation on the warehouse receipts. Roanoke is bound on its obligation as stated on the face of the warehouse receipts, that is, to deliver to the depositor or his order, upon return of the receipt, properly endorsed, the lot described in the receipt.
The trial court stated in its written reasons that:
“The compromise agreement entered into herein had the' effect of releasing the principal debt and therefore, extinguished the secondary or accessory obligation, namely the six warehouse receipts pledged herein * *
This is an erroneous conclusion. The extinguishment by compromise of the debt secured by the warehouse receipts could not have extinguished the obligation represented by the receipts themselves. The obligation to deliver the deposit represented by the warehouse receipts was in no way accessory to the debt which they were pledged to secure. It is a completely separate obligation.
The debtor here pledged the warehouse receipts as collateral security. Upon his failure to repay the debt the creditor, Louisiana Bank and Trust could by compromise and/or proper legal proceedings, be entitled to ownership of the pledged object. Thus, the rules of suretyship are not applicable here.
The defendants, in support of the motion for summary judgment, presented affidavits and argued that the receipts in question here were nullities and could not have been issued as negotiable warehouse receipts. There is, however, evidence to the contrary which indicates that Roanoke is a licensed and bonded warehouse within the meaning of the Uniform Warehouse Receipts Law and that the warehouse receipts herein are negotiable. This is a factual issue which ought to be resolved by a trial on the merits.
Having determined that the warehouse receipts were not extinguished by the com *635 promise of the loan made to Rex Rice Mill, and having further determined that there are genuine issues of material fact in this case, (i. e., whether or not the plaintiff is the holder of a negotiable warehouse receipt, and whether or not the plaintiff is entitled to recover for losses allegedly sustained by the wrongful issuance of warehouse receipts), we are of the opinion that the ruling of the trial court sustaining the motion for summary judgment was improper. The mover did not sustain the burden of showing that there was no genuine issue as to a material fact and that the mover was entitled to judgment of the matter of law.
For the above stated reasons, the judgment of the trial court is reversed, and the case is remanded to the District Court for a trial on the merits. Costs of this appeal to be paid by defendants-appellees. All other costs to await the final adjudication of the case.
Reversed and remanded.