304 So.2d 59 (1974)
Annie Laura BERTHELOT and Annie Laura Ray
v.
TRAVELERS INSURANCE COMPANY et al.
Stanley T. O'NEAL et ux.
v.
TRAVELERS INSURANCE COMPANY et al.
Nos. 9956, 9957.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
Rehearing Denied December 16, 1974.
Gordon W. Matheny, Hammond, for appellants Berthelot and Ray.
*60 Lonny Myles and Jesse LaGarde, Amite, for appellants O'Neal and others.
A. Michael Dufilho, Baton Rouge, for Travelers and State of La., Dept. of Highways.
Iddo Pittman, Jr., Hammond, for State Farm.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
de la HOUSSAYE, Judge.
Both of the above cases arise from the same automobile accident and upon motion of State Farm Mutual Automobile Insurance Company and Travelers Insurance Company, the two above cases were consolidated.
The facts of this case involve a head-on collision between two (2) automobiles, one belonging to the State of Louisiana driven by Bobbie Mize Lindsay while the other vehicle was owned by Stanley T. O'Neal and driven by his wife, Mabel C. O'Neal.
The suit filed by the O'Neals made the following persons defendants: Bobbie Mize Lindsay, who was the driver of the State-owned vehicle; Russell Cole, a state employee having possession of the state vehicle involved in the accident; the Travelers Insurance Company, and State Farm Mutual Automobile Insurance Company.
The suit filed by Annie Laura Berthelot and Annie Laura Ray made the following parties defendants: The Travelers Insurance Company; State Farm Mutual Automobile Insurance Company; The State of Louisiana; Russell Cole, and Bobbie Mize Lindsay.
It is alleged by plaintiffs, Berthelot and Ray, that on or about January 1, 1972, they were riding as guest passengers in a 1968 Chevrolet Station Wagon owned by the State, but being operated by Bobbie Mize Lindsay. They were traveling in a westerly direction on Louisiana Highway 22 approximately one (1) mile east of Springfield, Louisiana, in Tangipahoa Parish, and allege that either the station wagon malfunctioned or Bobbie Mize Lindsay negligently operated the vehicle, or both, and caused or permitted it to crash head-on with a 1960 Ford 4-door motor vehicle being operated by Mabel O'Neal and owned by Stanley O'Neal. The station wagon in question is registered in the name of the State of Louisiana through the Department of Highways.
The suit filed by the O'Neals alleges that on January 1, 1972, at 5:05 p. m. Mabel O'Neal was driving a 1960 Ford 4-door sedan owned by her husband, Stanley O'Neal in an easterly direction on Louisiana Highway 22 in Tangipahoa Parish, Louisiana. As the O'Neal vehicle reached a point approximately five hundred feet (5000 west of the Pumpkin Center Road intersection, the 1968 Chevrolet station wagon owned by the State of Louisiana, Department of Highways and being driven by Bobbie Mize Lindsay in a westerly direction, went into the east bound lane and struck the O'Neal vehicle head-on.
Prior to this accident, State Farm Mutual Automobile Insurance Company had issued to Bobbie Mize Lindsay a public Liability policy insuring her against liability in the operation of her motor vehicle and/or any vehicle which she would be operating. This policy was in full force and effect at the time of the accident. As stated earlier, the public liability insurer of the State-owned station wagon was Travelers Insurance Company, which policy was in full force and effect at the time of the accident.
Defendant, Russell Cole, was an employee of the State Department of Highways at the time of the accident and had physical control of the State-owned vehicle up to the time Bobbie Mize Lindsay began driving it shortly before the accident. The answer filed by the Travelers Insurance Company states that its policy with the State of Louisiana, Department of Highways, did not and does not afford any coverage *61 concerning the instant case for the following reasons: Bobbie Mize Lindsay was not authorized by the insured to use the Department of Highways' vehicle; Russell Cole's superiors were not authorized to allow Bobbie Mize Lindsay to use the vehicle; Bobbie Mize Lindsay was not an employee of the State of Louisiana, Department of Highways, and said vehicle was being used without the permission, consent or knowledge of the insured, State of Louisiana, Department of Highways. State Farm's answer was in the form of a general denial and additionally alleged that Mabel O'Neal was at fault for negligently operating the vehicle being driven by her.
After taking the depositions of Bobbie Mize Lindsay and Jerry Russell Cole, both State Farm Insurance Company and the Travelers Insurance Company filed motions for summary judgment based on the premise that neither policy afforded coverage while the vehicle owned by the State was improperly driven by someone without permission.
After a hearing, the trial court entered judgment in favor of the defendants, State Farm Mutual Automobile Insurance Company and Travelers Insurance Company, and against plaintiffs, dismissing plaintiffs' suit at their cost.
Our examination of all of the evidence at hand leads us to disagree with the trial court.
There was offered by Travelers and State Farm a deposition of Bobbie Mize Lindsay and Jerry Russell Cole along with an affidavit by Eugene P. Waguespack. Neither deposition confirms the fact that Cole did not have permission to use the State-owned vehicle or in the alternative, did not have permission to allow a third party to drive said vehicle. The affidavit by Waguespack who is an assistant engineer with the Louisiana State Department of Highways and apparently Cole's immediate superior, states the following: "His (Waguespack) instructions to these men (several of the men in Cole's work crew) were that the car was to be used only to and from work and on weekends it was not to be used. They [SIC] had no kind of permission to allow anyone to use this car while in their possession. The limitation and the scope was to and from work only."
The entire issue of coverage for both the State vehicle and Bobbie Mize Lindsay was whether or not Bobbie Mize Lindsay was driving the vehicle with the proper permission or consent of the insured, State of Louisiana, Department of Highways. If she was not, then both insurers claim that there existed no coverage in this particular situation.
There is no doubt that Bobbie Mize Lindsay was driving the State-owned vehicle at the request of Jerry Russell Cole. Cole had taken the vehicle from his mother's residence, where he was living, over to an aunt's house where he and several other friends and/or relatives were watching a New Year's Day football game while consuming alcoholic beverages. Cole's deposition points out the fact that he admits to having been too intoxicated to have operated a vehicle; therefore, he asked Bobbie Mize Lindsay to return the state vehicle to his mother's house. Cole proceeded ahead of Bobbie Mize Lindsay as a passenger of another person's car and testified in his deposition that Mrs. Lindsay was staying approximately three (3) to five (5) car lengths behind the car in which Cole was riding. Upon noticing that Mrs. Lindsay's car was no longer visible, the driver of Cole's vehicle turned around and it was then that they discovered that there had been an accident.
After reading both dispositions and the affidavit filed in evidence it is apparent that the supervisor working for the Highway Department states that he in no way ever indicated that Jerry Russell Cole was to use the vehicle for anything other than business purposes. It is also equally apparent that Jerry Russell Cole and Bobbie Mize Lindsay state just the opposite. At *62 page 5 of Cole's deposition he states that the car was assigned to all members of the State car pool. At page 8 of Cole's deposition he states that there were no instructions not to use the car on weekends, except when he was drinking. At page 16 of Cole's deposition he states that he assumed that he could use the car for personal reasons.
The deposition of Bobbie Mize Lindsay likewise negates the statement given by the agent for the State Highway Department. In a negative fashion Mrs. Lindsay states that Cole did not say that he was not supposed to use the car for personal reasons.
A summary judgment is not a substitute for a trial of a controverted issue, but may be invoked only where there is no genuine issue of fact to be resolved. Where affidavits of the proponents and opponents of a motion for summary judgment indicate a genuine issue of fact may exist, the motion for summary judgment should be denied. LSA-C.C.P. Art. 966; Yates v. M & N Contractors, Inc., 238 So.2d 793 (La.App. 1st Cir. 1970); Owens v. AAA Contracting Company, Inc., 219 So.2d 226 (La.App. 1st Cir. 1969); Burrus v. Guest House of Opelousas, Inc., 195 So. 2d 173 (La.App. 1st Cir. 1967).
The evidence indicates sufficiently that there are genuine issues of fact as to whether a trial on the merits might disclose evidence that the vehicle assigned to Russell Cole was under circumstances that the permission granted by him to Bobbie Lindsay was within his authority to do so thereby making Bobbie Lindsay an insured under the policies issued by Travelers Insurance Company and State Farm Mutual Automobile Insurance Company.
For the reasons assigned, the judgment appealed from is reversed and remanded to the district court for further proceedings in accordance with the law. All costs of this appeal are assessed against the defendants-appellees.
Reversed and remanded.